RUCABADO v. LONGPRÉ et al.

ABOY v. SAME.

(Circuit Court of Appeals, First Circuit. December 6, 1916.)

Nos. 1174, 1175.

1. EVIDENCE ☞350—STATUTES—RULE OF EVIDENCE.

Civ. Code Porto Rico, § 1195, providing that the date of a private instrument shall be considered with regard to third persons only from the date on which it may have been filed or entered in a public registry, from the death of any who signed it, or from the date of its delivery to a public official, which was included in a chapter entitled "Proof of Obligations," the other sections of which related to matters of evidence, was a rule of evidence, not of substantive law.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1388–1397; Dec. Dig. ☞350.]

2. EVIDENCE ☞70—STATUTE—REPEAL.

Civ. Code Porto Rico, § 1195, provided that the date of a private instrument shall be considered, with regard to third persons, only from the date on which it may have been filed or entered in the public registry, from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office. Act Porto Rico March 9, 1905 (Rev. St. & Codes, pp. 276–298), was entitled "An act to regulate the introduction of evidence in civil proceedings," and declared by section 102 what should be presumptions, which are satisfactory if uncontradicted, among them being the presumptions that private transactions have been fair and regular, and that a writing is truly dated. Section 170 of the same act provides that all royal decrees, and general orders, acts, and parts of acts in conflict therewith, are thereby repealed. *Held,* that the act of 1905 repealed section 1195 of the Civil Code, and that under the later statute receipts, checks, and other writings create a presumption of payment as of their date, even in an action between those not parties to the instruments.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 91; Dec. Dig. ☞70.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeals from the Supreme Court of Porto Rico.

Suit by Nancy Neron Longpré and others against Ramón Wolff Aboy and others, in which Mateo Rucabado intervened. Decree for the plaintiffs, and defendants and intervener separately appeal. Affirmed.

Otto Schoenrich, of New York City (Jorge V. Dominguez, of San Juan, Porto Rico, and S. Mallet-Prevost and Curtis, Mallet-Prevost & Colt, all of New York City, on the brief), for appellant Rucabado.

Otto Schoenrich, of New York City, for appellants Aboy and others.

Hector H. Scoville, of San Juan, Porto Rico (Daniel F. Kelley, of San Juan, Porto Rico, on the brief), for appellees.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. These cases are appeals by Mateo Rucabado, Ramón Wolff Aboy, and Diaz & Aboy from a judgment of the Supreme Court of Porto Rico.

August 19, 1899, Ramón Wolff Aboy sold to the plaintiffs (appellees), doing business as the Central "Puerto Real," certain real estate in the Island of Vieques, Porto Rico, for the sum of $28,750. The plaintiffs paid $8,750 at the time of the sale, and executed a mortgage to Wolff Aboy for the balance ($20,000), which they obligated themselves to pay on June 30, 1917. At the time of the sale the property was leased to Diaz & Aboy for the period of 10 years, from December 1, 1907, to June 30, 1917, on a monthly rental of $112, which lease the plaintiffs agreed to respect. In lieu of interest on the $20,000, Wolff Aboy was to receive the monthly rentals of $112 from Diaz & Aboy. Subsequent to the execution of the mortgage, the plaintiffs paid Wolff Aboy various sums of money on account of the mortgage, which, on June 15, 1911, amounted to more than the sum due on the mortgage, and Wolff Aboy promised to execute a deed canceling the mortgage, but failed to do so. July 31, 1911, Rucabado, one of the appellants, brought an action of debt against Wolff Aboy on a note given him by the latter for $12,000, and attached the mortgage credit of $20,000 appearing in Wolff Aboy's favor in the registry of property. November 9, 1911, the plaintiffs, mortgagors, filed a complaint in the district court of San Juan to cancel the mortgage. This proceeding was brought against the mortgagee, Wolff Aboy, and Diaz & Aboy; the latter being made defendants to compel them to pay the plaintiffs the monthly rentals of $112, instead of paying them to Wolff Aboy, he having been paid the amount of his mortgage and having no further interest in the property. November 29, 1911, Rucabado was allowed to intervene in the suit for cancellation to protect his attachment of the mortgage credit. Judgment by default was entered against Wolff Aboy. Diaz & Aboy answered the complaint, but did not appear at the trial. In the district court of San Juan judgment was entered against the plaintiffs, and they appealed to the Supreme Court of Porto Rico. The Supreme Court reversed the judgment of

the district court, and ordered a cancellation of the mortgage on the ground that it had been paid, and that Diaz & Aboy should pay plaintiffs the monthly rentals of $112 from the date of the judgment. From this judgment Rucabado and Diaz & Aboy have prosecuted this appeal.

In the district court the fact of payment in full of the mortgage indebtedness and the time when it was paid were based upon oral evidence, notes of Wolff Aboy indorsed and paid by the plaintiffs, checks paid Wolff Aboy, letters signed by him acknowledging payments upon the mortgage indebtedness, and the admission of the attorney for Rucabado that the papers were authentic and that the payments were made on the dates therein stated. In both courts it was found that the mortgagors had paid the mortgage indebtedness before Rucabado's attachment of the mortgage credit, and that there was no collusion between Wolff Aboy and the plaintiffs. In the district court it was held that Rucabado, by his cautionary notice of attachment in the registry of property, acquired, under the mortgage law of Porto Rico, only a preference "over other creditors whose claims against the same debtor were contracted subsequently to the entry of such cautionary notice; * * * that the intervener, Rucabado, has neither acquired a real right in the attached property, nor can be considered as a third party within the provisions of the mortgage law," but that, under the provisions of the Civil Code, "Rucabado is a third party whose rights cannot be questioned except by virtue of the evidence required by law for avoiding fraud and simulation"; that under section 1195 of the Civil Code the date of a private instrument can "be considered, with regard to third persons, only from the date on which it may have been filed or entered in the public registry, from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office"; and that because of this the letters, notes, checks, and oral evidence offered in this case could not be used against Rucabado, a third party, to establish a date of payment prior to the attachment.

In the Supreme Court it was held that, inasmuch as the full amount of the mortgage had been paid in good faith, the payments were validly made within the provisions of sections 1132 and 1133 of the Civil Code, the debt was extinguished (section 1124), and the plaintiffs were released from the obligation with relation to the defendant Wolff Aboy; that, therefore, the debtor had the right to a cancellation of the mortgage, which right was not disturbed by the entry in the registry of the cautionary notice of attachment of the mortgage credit, which had no effect other than to record a preference to the creditor who had secured the attachment over other creditors whose claims against the same debtor were contracted subsequently to the entry of the cautionary notice; that the plaintiffs are not creditors (within the meaning of article 44 of the Mortgage Law), but debtors, of Wolff Aboy; and that Rucabado is not a third party within the provisions of Mortgage Law, articles 23, 25, and 27.

It was, however, held that Rucabado was a third party "according to the provisions of the Civil Code, and that as such the provisions of

section 1195 of the Civil Code are applicable to him"; that "if Wolff Aboy had given the plaintiffs one or more receipts for the partial payments of the amount due, and there were no other evidence of such payments than the said receipts, and Rucabado had denied their dates, then Rucabado would be entitled to invoke the said section in his defense"; that, instead of taking this position, he had admitted the payments, and dates of payments, shown in the letters, notes, and checks, and only questioned their scope and validity by "claiming that under the provisions of section 1195 of the Civil Code the dates are not valid as against him"; that this he could not do; that "section 1195 of the Civil Code is strictly applicable when there is no other evidence of an act or contract than a private document"; that it "only contains the presumption that the date of a private contract, in the absence of proof to the contrary, is, as regards a third person, the date on which it was filed or entered in a public registry, or of the death of any of the persons who signed it, or on which it was delivered to a public official by virtue of his office."

The assignments of error relied on in this appeal present the following questions:

(1) Whether Rucabado is a third person entitled to the benefit of the provisions of section 1195 of the Civil Code of Porto Rico; and

(2) If he is a third person entitled to the benefits of its provisions, whether the section states a rule of evidence which renders a private document inadmissible as the sole proof of the date of its execution, or states a rule of substantive law, rendering a transaction agreed upon in a private instrument wholly void as against third persons, though valid as between the parties.

[1] The appellants' contention is that Rucabado is a third person entitled to the provisions of the section, and that it is a rule of substantive law rendering an agreement embodied in a private instrument void as against third persons, though valid as between the parties to the agreement. This provision of the Code is found in the compilation of the Revised Statutes and Codes of Porto Rico, p. 732. The chapter of the Code containing this provision begins at page 731, and is entitled "Proof of Obligations." The general provisions under this title are contained in sections 1182 and 1183; the former provides that "proof of obligations devolves upon the persons claiming their fulfillment, and that of their extinction upon those opposing it," and the latter that "proofs may be given by instruments, by confessions, by the personal inspection of the court or judge, by experts, by witnesses, and by presumptions." In the first article public and private instruments are dealt with. It is there stated that "public instruments are those authenticated by a notary or by a competent public official, with the formalities required by law" (section 1184), and private instruments are those signed by the parties, but not fulfilling the requirements of a public one (section 1191); that "public instruments are evidence, even against a third person, of the fact which gave rise to their execution and of the date of the latter. They shall also be evidence against the contracting parties and their legal representatives with regard to the declarations the former may have made therein"

(section 1186); that "a private instrument legally acknowledged shall have, with regard to those who signed it and their legal representatives, the same force as a public instrument" (section 1193); that "the date of a private instrument shall be considered, with regard to third persons, only from the date on which it may have been filed or entered in a public registry, from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office" (section 1195); and that "entries, registries, and private papers shall be evidence against the person who has written them only in all that may appear clearly stated; but a person who wishes to make use thereof is bound to accept them also in the part prejudicial to him" (section 1196).

It is evident from the title and the sections cited that these provisions relate to rules of evidence, and are not, in the strict sense, rules of law, and that section 1195 means that a private instrument, though dated, shall not in and of itself be evidence of the date of its execution as against third persons; that as to them it shall be considered evidence of its execution from the day on which it may have been filed or entered in a public registry or one of the other contingencies referred to in the section have occurred. In other words, it prescribes a rule of evidence, and not of substantive law.

[2] The Civil Code of Porto Rico went into effect July 1, 1902; but on March 9, 1905, its Legislative Assembly enacted a law, entitled "An act to regulate the introduction of evidence in civil proceedings," wherein it revised, enlarged, and, in many respects, materially altered the law of evidence as theretofore provided for in its Code. Compilation of Revised Statutes and Codes of Porto Rico, pp. 276–298. This act went into effect July 1, 1905 (section 171), and in section 170 provides that "all royal decrees, and general orders, acts and parts of acts in conflict with this act, are hereby repealed." Nowhere in this act are to be found the provisions contained in section 1195 of the Code. By it "public documents are such as are specified in article 1184 of the Civil Code" (section 45); "all other writings are private" (section 46).

In chapter 5 of the act, under the title "Indirect Evidence, Inferences and Presumptions," it states (section 96) that "indirect evidence is of two kinds: (1) Inferences; and (2) Presumptions"; and, having defined the nature of an "inference" and a "presumption," it states that "a presumption (unless declared by law to be conclusive) may be controverted by other evidence, direct or indirect; but unless so controverted the judge or jury are bound to find according to the presumption" (section 100). After stating that "the following presumptions, and no others, are deemed conclusive" (section 101), it sets forth in seven paragraphs the circumstances under which presumptions of this class may arise. It then says that "all other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions, and may be controverted by other evidence" (section 102). Thirty-nine disputable presumptions, and the circumstances under which they may arise, are set forth, among which are the following:

(19) "Private transactions have been fair and regular."

(23) "A writing is truly dated."

The presumption that "private transactions have been fair and regular" is not restricted in its application as to parties, and is entirely inconsistent with the fundamental idea embodied in section 1195, which is that private transactions are presumed as respects third persons to be unfair and irregular; and the presumption that "a writing is truly dated" means that a writing, whether a public or private document, shall be presumed to have been executed on the date which it purports to have been. Both of these provisions are in conflict with the letter as well as the spirit of section 1195, and make it manifest that a fundamental change in the law was intended.

We are therefore constrained to hold that section 1195 was repealed by the act of 1905. Such being the case, the letters, notes, and checks that were introduced in evidence were presumptively executed on the dates which they respectively purported to have been, and as there was no evidence to the contrary, but it was in fact admitted that the payments were made as of the dates shown in these instruments, the court was right in ruling that the evidence was competent on the question of the dates of the payments, and also in deciding that the mortgage should be cancelled and that Diaz & Aboy should pay the rent to the plaintiffs. These conclusions make it unnecessary to consider whether Rucabado was a third person within the meaning of section 1195.

The decisions of the Supreme Court of Spain, interpreting the provisions of section 1227 of their Code (said to be similar to those of section 1195), which were rendered prior to the adoption of the Code of Porto Rico on July 1, 1902, do not seem to be in accord with one another. If that court has since determined upon a construction of this provision of their Code in accordance with the appellants' contention, its decisions would be of little or no aid in the present controversy in view of the act of March 9, 1905.

The decree of the Supreme Court of Porto Rico is affirmed, with costs to the appellees.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes