Waterall. & Co. v. Strayer.

# WILLIAM WATERALL & COMPANY

*v.*

# M. G. STRAYER.

San Juan, Equity, No. 988.

PAYMENT OF MORTGAGE EN PAIS.

Unrecorded Transaction—Public Instrument.

      Section 1195 of the Porto Rico Civil Code not permitting a transaction not recorded to affect holders under a public instrument which is recorded has been repealed by § 102 of the Law of Evidence.

Opinion filed February 19, 1919.

*Mr. Frank Antonsanti* for receiver.

*Messrs. O. M. Wood* and *O. B. Frazer* for petitioner.

HAMILTON, Judge, delivered the following opinion:

While the dates are not fully presented in the report of the master, it seems that petitioner Christiansen made a mortgage of certain real property to Strayer, that Strayer assigned the mortgage to the American Colonial Bank, and that afterwards Christiansen paid the debt to Strayer by turning over grape fruit trees of equivalent value. It has heretofore been determined by the court that the bank could not hold the mortgage for more than the $1,000 for which it was assigned, the claim under a general clause in notes of Strayer not binding

Waterall & Co. v. Strayer.

Christiansen. Christiansen's petition admits the liability of the property to the $1,000 for which the mortgage was transferred to the bank, and offers to pay this amount. There is therefore no question as between Christiansen and the bank.

The master reports favorably to the petition, and the receiver herein excepts on the ground that § 1195 of the Civil Code of Porto Rico does not permit a transaction not recorded to affect holders under a public instrument which is recorded. The case of Longpré v. Wolff, 23 P. R. R. 27 (same case, on appeal in Rucábado v. Longpré, 152 C. C. A. 279, 239 Fed. 291), however, decides that this section is repealed by § 102 of the Law of Evidence of 1905, which provides for presumptions of fairness of transactions.

The claim of the American Colonial Bank for $1,000 is not affected, and a decree will be entered directing the cancelation of the mortgage in question after payment by petitioner to said bank of whatever is due on the transfer for that amount.

It is so ordered.