NICOLÁS CRESPO GONZÁLEZ, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, ARECIBO PART, WILLIS RAMOS VÁZQUEZ, JUDGE, Defendant; RAMÓN FERRER DELGADO, Intervener.

No. 2385.   Decided September 25, 1961.

*E. Pérez Casalduc* and *Herminio Miranda Negrón* for petitioner.
*A. Cadilla Ginorio* for intervener.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, and Mr. Justice Serrano Geyls and Mr. Justice Rigau.

PER CURIAM.

In an action for recovery of money brought before the District Court, Camuy Part, Ramón Ferrer Delgado obtained judgment in his favor and against defendant therein Pedro Casanova García for the total sum of $721.66. The said judgment was rendered on April 18, 1955 and was recorded and indexed on April 21 of that year in the Judgment Record of the Registry of Property of Puerto Rico, Arecibo Section.

On the date the said judgment was recorded, there was recorded in the Registry of Property in favor of defendant Casanova García a one-fourth undivided interest of a certain urban property located in a lot belonging to the Municipality of Hatillo.

By public deed of June 8, 1955, Casanova García sold his interest to Nicolás Crespo González, petitioner herein, and the same was recorded in his favor in the Registry of Property.

In April 1956, the judgment creditor, Ferrer Delgado, brought an action before the district court against the purchaser, Crespo González, alleging that his judgment constituted a lien on the interest acquired by the latter from debtor Casanova García. He prayed that Crespo González be ordered to pay him the amount of the judgment recorded in the Judgment Record.

In his answer to an amended complaint, Crespo González alleged that he was the owner of the one-fourth undivided interest of the property described in the complaint since May 26, 1952, when he acquired it by public deed which was afterwards ratified by another public deed of June 8, 1955.

By deed executed on May 26, 1952, the brothers Juan, Pedro, and Ramón Casanova García sold to Nicolás Crespo the property described in the complaint for the price of

$6,000, of which the purchaser paid $2,000 and left $4,000 to be paid within a period of five years, secured by mortgage on the property object of the contract of sale. The vendors bound themselves by the said deed to make a declaration of the heirs of the predecessor, María García Delgado, and to make the pertinent partition operations within a period of six months.

The District Court held that the proportional part of the $2,000 which defendant paid to Casanova García was a credit prior to that of the judgment recorded in favor of Ferrer Delgado, and that, therefore, the latter's credit did not have preference over the defendant's credit. Consequently, it dismissed the complaint.

On appeal, the Superior Court reversed the said judgment and rendered another ordering defendant Nicolás Crespo González to pay to plaintiff the amount of the judgment which the latter had obtained against Casanova García, plus interest, costs, and $150 for attorney's fees.

We issued a writ of certiorari to review this judgment.

The Superior Court erred in rendering judgment reversing the judgment of the District Court. The Act creating judgment liens on real property provides:

"§ 1806. Recorded judgment as lien on real property

"When a judgment has been recorded and indexed, as provided for in the preceding sections, it shall at once operate as a lien upon all the immovable property of the defendant or defendants, not exempt from execution, situated in the district where such abstract is recorded, and upon the immovable property which the defendant or defendants may thereafter acquire in such district, and such lien shall be of like nature and preference as those mentioned in paragraph 5 of section 5193 of Title 31." (30 L.P.R.A. § 1806.)

And paragraph 5 of § 5193 of 31 L.P.R.A. provides in its pertinent part:

"With regard to certain real property and rights on realty of the debtor, the following shall have preference:

"1.     .     .     .     .     .     .     .     .     .

"2.     .     .     .     .     .     .     .     .     .

"3.     .     .     .     .     .     .     .     .     .

"4.     .     .     .     .     .     .     .     .     .

"5. Credits, of which a cautionary notice has been made in the registry of property by virtue of a judicial mandate, by reason of attachments, sequestrations, or execution of judgments, with regard to the property entered therein and only with regard to subsequent credits."

According to the legal provisions copied above, a judgment recorded and indexed alphabetically in the Judgment Record constitutes a lien on all the real property of the defendant (judgment debtor), not exempt from attachment, situated in the district, and upon all the real property which the defendant may thereafter acquire in such district. This special lien, created by law, has the same effect as the credits entered by cautionary notice in the Registry of Property by virtue of a judicial mandate, attachment, sequestrations, or execution of judgments, with regard to the properties entered therein, and only as to subsequent credits. *Hernández* v. *Medina et al.*, 19 P.R.R. 84. It does not create nor determine any right and has no other effect than to give preference to the judgment creditor, as to the property of which a cautionary notice has been made, over those creditors having subsequent claims against the debtor. *Longpré et al.* v. *Wolff et al.*, 23 P.R.R. 13 (239 Fed. 291).

However, the judgment lien encumbers the real property of the debtor (defendant) and not those properties which, although recorded in his favor in the Registry of Property, no longer belong to him because he sold them by public deed prior to the recordation of the judgment in the Judgment Record. *Hernández* v. *Rosado et al.*, 20 P.R.R. 163; *Vivó* v. *Registrar*, 58 P.R.R. 514. This is precisely the situation in the instant case. By May 26, 1952, long before the plaintiff obtained judgment against Pedro Casanova García, the latter had assigned by public deed his rights

in the real property to petitioner Nicolás Crespo González. The fact that the deeds of sale could not be recorded in the Registry of Property because the properties were hereditary and the inheritance tax had not been paid at that time, nor the fact that all the owners of the thing sold did not appear in the deed of sale—see 10 Manresa, *Código Civil Español* 37 *et seq.*—do not impair the validity of the juridical transaction—sale—executed by Casanova García and Crespo González with respect to the vendor's ownership rights. Hence, creditor Ferrer Delgado can not invoke the Act creating judgment liens against purchaser Crespo González. The Act can not be applied to the situation of facts in this case.

The judgment rendered by the Superior Court will be reversed and another rendered instead affirming the judgment of the District Court.