Hernández, Demandante y Apelante, *v.* Rosado et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez en un caso sobre rescisión de contratos e indemnización de perjuicios.

No. 1094.—Resuelto en marzo 18, 1914.

Gravámenes por Sentencia—Finca Adquirida Antes de Registrada la Sentencia.—De acuerdo con la sección 6 de la ley sobre gravámenes por sentencia de 1906, no está afecta al gravamen que dicha ley establece una finca adquirida con anterioridad al registro de la sentencia en el libro de sentencias del registro de la propiedad del distrito.

Terceros—Gravámenes por Sentencia.—No puede invocar el carácter de tercero a los efectos del artículo 25 de la Ley Hipotecaria, aquel a cuyo favor se ha dictado una sentencia que ha sido registrada en el registro de sentencias del registro de la propiedad correspondiente con posterioridad a la adquisición de una finca, aun cuando la inscripción de la finca sea posterior al registro de la sentencia.

ENAJENACIÓN EN FRAUDE DE ACREEDORES—PRESUNCIÓN.—Para que se presuma fraudulenta una enajenación hecha a título oneroso es necesario que concurran las siguientes circunstancias: 1. Que se dicte una sentencia condenatoria contra una persona o que se expida un mandamiento de embargo contra sus bienes; 2. Que esa persona venda sus bienes a otra que también tenga conocimiento de la sentencia o del embargo; 3. Y que exista un acreedor perjudicado por la enajenación que carezca de todo otro recurso legal para obtener la reparación del perjuicio.

PRUEBA CONTRADICTORIA—APRECIACIÓN DEL TRIBUNAL SENTENCIADOR.—En los casos de prueba contradictoria, para que el Tribunal Supremo modifique la apreciación hecha por la corte sentenciadora, es necesario que se demuestre que dicho tribunal actuó movido por pasión, prejuicio o parcialidad, o que cometió algún error manifiesto.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Los apelados no comparecieron.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Mayagüez declarando sin lugar cierta demanda sobre rescisión de contrato establecida por Agustín Hernández Mena contra Arturo Rosado Fussá y Julio Medina González.

En la demanda se alega que el demandante, el 19 de agosto de 1909, obtuvo una sentencia a su favor y en contra de Julio Medina González, por la suma de $1,480.95, cuya sentencia fué inscrita y pasada al índice del libro registro de sentencias del Registro de la Propiedad de Mayagüez el 17 de enero de 1910, a los efectos de la ley sobre gravámenes por sentencia, hallándose dicha inscripción vigente en la actualidad.

Que en la ejecución de la sentencia de 19 de agosto de 1909, el demandante, el 29 de octubre de 1910, embargó todo el derecho que el deudor Medina tuviera en cierta porción de terreno de doce cuerdas situada en el barrio de Sábalos, de Mayagüez, y señalado el 24 de noviembre de 1910 para la subasta, fué ésta suspendida a virtud de una demanda de tercería interpuesta por Arturo Rosado Fussá reclamando como suya la dicha porción de terreno embargada.

Que el pleito de tercería, en el cual alegó Rosado que había comprado la porción de terreno a Medina por escritura pública otorgada el 12 de enero de 1910, fué fallado finalmente a favor de Rosado y el demandante en este pleito, Agustín Hernández Mena, se vió obligado a satisfacer al tercerista Rosado las costas del procedimiento.

Que la porción de terreno de que se trata, vendida por Medina a Rosado el 12 de enero de 1910, no estaba inscrita en el registro de la propiedad, y Rosado tramitó un expediente para acreditar su dominio sobre la misma y obtuvo una sentencia favorable el 25 de febrero de 1911 que fué inscrita en el registro de la propiedad.

Que Rosado antes y al tiempo de comprar la porción de terreno, al interponer la tercería y al iniciar el expediente de dominio, sabía y le constaba: (a) que el vendedor Medina era deudor por sentencia firme de Agustín Hernández Mena, (b) que Medina se había constituído en insolvencia, y (c) que al inscribir la sentencia de dominio en el registro, estaba ya inscrita y pasada al índice del libro registro de sentencias del mismo registro, la sentencia de 19 de agosto de 1909 dictada a favor de Hernández Mena y en contra de Medina González, pendiente aún de satisfacer en su totalidad.

Que la venta de Medina a Rosado fué hecha en fraude de acreedores y con el propósito deliberado de que el demandante no pudiera hacer efectiva la sentencia que había obtenido contra el vendedor Medina.

Y que el único medio que el demandante tiene para cobrar lo que se le debe, es pedir la rescisión del contrato de compraventa celebrado entre Medina y Rosado, ya que el primero se ha constituído en estado de insolvencia voluntaria.

El demandado Julio Medina no contestó la demanda y el otro demandado Rosado Fussá lo hizo aceptando algunos de sus hechos, negando otros y alegando como materia nueva que en efecto había comprado la porción de terreno de que se trata a Julio Medina González el 12 de enero de 1910 no estando en esa fecha inscrita en el registro de sentencias del

Registro de la Propiedad de Mayagüez la sentencia obtenida
por Hernández Mena en contra de Medina González, y que
había tramitado públicamente, desde diciembre de 1910 hasta
febrero de 1911, su expediente de dominio de la repetida por-
ción de terreno y Agustín Hernández Mena no compareció
a oponerse dentro del plazo que concede la ley y que se fijó
en los edictos publicados.

El 23 de octubre de 1913 se celebró el juicio y la corte,
el 31 del propio mes, dictó sentencia, declarando sin lugar
la demanda, sin especial condenación de costas.

En su relación del caso y opinión, la corte de distrito
consignó que había estudiado la evidencia practicada y había
llegado a la conclusión de que el demandante no había pro-
bado todos los hechos esenciales y necesarios de su demanda
constitutivos de la causa de acción ejercitada en la misma.
La prueba se ha incluído en una exposición del caso debida-
mente preparada y certificada.

Veamos, en primer término, si es o nó aplicable a este
caso la ley sobre gravámenes por sentencias de 1906, Leyes
de Puerto Rico, 1906, p. 77. El demandante alega que la
sentencia de 19 de agosto de 1909 se registró en el libro regis-
tro de sentencias del Registro de la Propiedad de Mayagüez
y se pasó al índice el 17 de enero de 1910. A partir de esa
fecha fué que, de acuerdo con la sección 6 de la indicada
ley, tenía la sentencia inscrita y pasada al índice el efecto
de un gravamen sobre todos los inmuebles del demandado
no exentos de embargo, radicados en el distrito, y sobre todos
los que pudiera adquirir posteriormente en dicho distrito,
teniendo dicho gravamen el alcance y prelación que se deter-
mina en el párrafo 4 del artículo 1824 del Código Civil.
Véase la decisión de esta Corte Suprema en el caso de *Her-
nández* v. *Medina et al.*, 19 D. P. R., 88, en la que se estudia
con alguna extensión el origen y los efectos de la ley sobre
gravámenes por sentencia de 1906.

La venta de Medina a Rosado, cuya rescisión solicita el
demandante en este pleito, tuvo lugar por escritura pública

otorgada el 12 de enero de 1910, esto es, con anterioridad al registro de la sentencia de 19 de agosto de 1909, verificado el 17 de enero de 1910. Siendo esto así, es bien claro que no tiene aplicación a este caso la ley sobre gravámenes por sentencia a que nos hemos venido refiriendo.

El hecho de que ya estuviera la sentencia de 19 de agosto de 1909 inscrita y pasada al índice cuando Rosado inscribió la sentencia de dominio que obtuvo a su favor a virtud del expediente que tramitara al efecto, no varía la naturaleza del caso, pues la verdadera fecha en que Rosado adquirió la propiedad del inmueble de que se trata en este pleito, no fué la de la inscripción de la sentencia de dominio en el registro, sino la de la escritura de compraventa otorgada el 12 de enero de 1910. Si en esta última fecha adquirió el dominio libre del gravamen de la sentencia de 19 de agosto de 1909, libre de ese gravamen pudo inscribirlo luego, como lo inscribió, en el registro de la propiedad. Véase el caso de la *Sociedad de Auxilio Mutuo* v. *Rossy*, 17 D. P. R., 83.

Tampoco puede invocar Hernández Mena carácter de tercero respecto de la venta hecha por Medina a Rosado en escritura pública de 12 de enero de 1910 para acogerse al artículo 25 de la Ley Hipotecaria, pues en la fecha expresada no tenía aquél gravamen alguno sobre los bienes de Medina según la ley sobre gravámenes por sentencia de 1906. La expresada escritura produjo efecto contra Hernández Mena desde la fecha de su otorgamiento.

El artículo 1264 del Código Civil revisado, en su párrafo 2º., dice así:

"Artículo 1264.—*   *   *.

"También se presumen fraudulentas las enajenaciones a título oneroso, hechas por aquellas personas contra las cuales se hubiese pronunciado antes sentencia condenatoria en cualquier instancia, o expedido mandamiento de embargo de bienes."

Para que tenga lugar el caso a que el precepto legal transcrito se refiere, es necesario que concurran las siguientes circunstancias:

(*a*) que se dicte una sentencia condenatoria contra una persona, o que se expida un mandamiento de embargo contra sus bienes;

(*b*) que esa persona venda sus bienes a otra que también tenga conocimiento de la sentencia o del embargo; y

(*c*) que exista un acreedor perjudicado por la enajenación que carezca de todo otro recurso legal para obtener la reparación del perjuicio.

Las circunstancias que hemos señalado con las letras *a* y *c* se desprenden claramente del artículo 1264 del Código Civil que en lo pertinente dejamos transcrito, y del 1261 del mismo cuerpo legal, que copiado a la letra dice así:

"Artículo 1261.—La acción de rescisión es subsidiaria; no podrá ejercitarse sino cuando el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio."

La circunstancia marcada con la letra *b,* se infiere de una interpretación racional del repetido artículo 1264 y de la acción tomada por la Legislatura al decretar en 1906 la ley sobre gravámenes por sentencia.

Comentando Scaevola el artículo 1297 del Código Civil español, igual al 1264 del nuestro, se expresa como sigue:

"Ultimamente, el código no lo dice, pero es indudable que el fraude requiere en este caso, como preciso, el conocimiento por el enajenante del embargo o condena a que se habían sujetado sus bienes. La prueba de esta falta de conocimiento será una causa decisiva para contradecir en juicio la presunción legal." 20 Scaevola: Código Civil: 941.

Y si, según el comentarista Scaevola, se requiere el conocimiento del embargo o condena por parte del enajenante, por lo menos la misma razón existe para que se requiera tal conocimiento por parte del adquirente.

Veamos ahora si las circunstancias que la ley exige y que se alegaron debidamente en la demanda, tuvieron en el juicio demostración cumplida.

La primera quedó demostrada plenamente. Cuando Medina González en 12 de enero de 1910 vendió a Rosado la porción de terreno de que se trata, se había ya dictado en contra del vendedor y a favor del demandante en este caso, Hernández Mena, la sentencia de 19 de agosto de 1909, pendiente en 12 de enero de 1910 de satisfacer en su totalidad.

La segunda no quedó suficientemente demostrada a juicio del tribunal sentenciador. El demandante alegó que el demandado Rosado al comprar sabía que Hernández Mena había obtenido una sentencia contra el vendedor que no estaba satisfecha y que la venta de Medina a Rosado se hizo con el propósito deliberado de perjudicarlo. En el acto de la vista el dicho demandante presentó como única prueba de su alegación su propia declaración jurada en la cual se produjo como sigue:

"* * *. En noviembre o diciembre de 1909, no recuerdo perfectamente, tuve conocimiento de que el Sr. Medina y el Sr. Arturo Rosado, tenían el negocio de compraventa de un terreno. Como Medina me debía dinero, fuí al registro a ver si tenía inscrito algo, pero no encontré nada; entonces, un día de dicho mes, encontré al Sr. Arturo Rosado en la Calle de la Candelaria, en coche, le hice parar, él accedió y le indiqué que había sido informado de que tenía un negocio de compraventa de un terreno de Julio Medina, me dijo que no, al contestarme que no, le dije, le pregunto a Vd. porque Julio Medina me está debiendo a mí una cantidad de dinero procedente de una demanda de la corte de distrito. Entonces él dijo que no sabía nada de eso, y nos despedimos."

El demandado Rosado también declaró bajo juramento en el juicio y negó la certeza de las afirmaciones del demandante. La prueba resultó, pues, contradictoria y el conflicto fué resuelto por la corte de distrito, según se desprende de su sentencia en favor del demandado. Y como el demandante y apelante no nos ha demostrado que al actuar así la corte sentenciadora lo hizo movida por pasión, prejuicio o parcialidad, o que cometiera algún error manifiesto, noso-

tros aceptaremos la apreciación del tribunal inferior como la justa y procedente en este caso.

Habiendo llegado a la anterior conclusión, se hace innecesario investigar si concurre o nó la tercera de las circunstancias necesarias para integrar la causa de acción ejercitada. Faltando como falta una de ellas, no es posible que pueda prosperar la demanda que fué, en tal virtud, debidamente desestimada.

Por las razones expuestas, debe declararse sin lugar el recurso establecido y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.