162

Faustino Serrano López, demandante, contrademandado y apelante, *v.* Juan Antonio Torres García y Ruperto Serrano López, demandados; contrademandante y apelado el primero.

Núm. 8505.—*Sometido:* Noviembre 24, 1942. *Resuelto:* Diciembre 21, 1942.

*Faustino R. Aponte,* abogado del apelante; *F. González Fagundo,* abogado del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El demandado Juan Antonio Torres obtuvo sentencia a su favor y contra el otro demandado, Ruperto Serrano López, por la suma de $150, importe de un pagaré, más intereses y

honorarios de abogado. Para hacer efectiva dicha sentencia, el márshal embargó una finca de siete cuerdas, como si fuera propiedad de Ruperto Serrano, quedando trabado el embargo el día 9 de agosto de 1939. El día 12 del mismo mes, el demandante Faustino Serrano López, hermano de Ruperto, interpuso demanda sobre tercería de dominio contra Torres y Ruperto Serrano.

Se alega en la demanda que en abril 14 de 1939 el demandante adquirió la finca en cuestión por compra al demandado Ruperto Serrano, quien no tiene en dicha finca interés alguno que pueda ser embargado para satisfacer la sentencia a favor de Torres.

Contestó el demandado Torres negando los hechos esenciales de la demanda y formuló contrademanda en la que alega que el codemandado Ruperto Serrano le tomó a préstamo la suma de $150, otorgándole un pagaré vencedero el 1°. de agosto de 1930; que en abril de 1939 Torres requirió a Ruperto Serrano para que le hiciese efectivo el importe del pagaré; que en abril 14 de 1939, Ruperto Serrano, en confabulación con su hermano Faustino Serrano—aquí demandante y contrademandado—hizo una venta simulada, sin que mediara precio o consideración de clase alguna, a dicho Faustino Serrano, continuando el demandado Ruperto Serrano en la posesión del inmueble. Se alega además, que el demandante Faustino Serrano sabía en el momento en que adquirió la finca que su hermano Ruperto era deudor de Torres; que Faustino Torres aceptó el traspaso simulado hecho a su favor por su hermano Ruperto con el solo propósito de burlar los derechos de Torres; y que éste no puede de otro modo cobrar su deuda porque Ruperto Serrano ha quedado insolvente.

En junio 23, 1941 la Corte de Distrito de Humacao dictó sentencia declarando sin lugar la demanda de tercería y con lugar la contrademanda, rescindiendo la venta hecha por Ruperto Serrano a su hermano el demandante por haber sido otorgada en fraude de acreedores. El demandante interpuso

el presente recurso. Para sostenerlo alega que la prueba del contrademandante es insuficiente para justificar la sentencia dictada a su favor.

Examinemos la prueba, comenzando por la documental.

En la Cláusula Primera de la escritura de venta otorgada por Ruperto Serrano a favor de su hermano Faustino, demandante en tercería, se hace constar que la venta se efectúa "por el convenido precio de TRESCIENTOS CINCUENTA DOLLARS que el comprador paga al vendedor en billetes americanos que éste cuenta y recibe a su satisfacción a mi presencia y la de los testigos instrumentales presentes de que yo el Notario doy fe."

Se estipuló, además, en dicha escritura que el vendedor quedaría en posesión de la finca en calidad de arrendatario por un término de cuatro años y por canon de cuatro dólares anuales por cuerda, pagaderos por anualidades anticipadas.

En apoyo de su demanda de tercería declaró Faustino Serrano López, y dijo: que en abril 14, 1939 compró la finca a su hermano Ruperto, pagando a éste $350 "en dinero americano, en billetes de veinte pesos, de diez, de cinco y de a peso" que el pago lo hizo en presencia del Notario y de los testigos allí presentes; que la finca tiene un valor de $350 a $400. Repreguntado contestó: que conoce a Juan Antonio Torres y es hermano de Ruperto Serrano; que la finca era antes de don Santos Rodríguez y Juan Antonio Torres y Ruperto Serrano la compraron en sociedad; que nunca tuvo conocimiento de que Ruperto le cogiera prestado a Juan Antonio Torres el dinero para pagarle a don Santos Rodríguez; que nunca conversó con Juan Antonio Torres sobre la deuda que Ruperto tenía con él.

Ruperto Serrano, como testigo de los demandados, declaró: que adeuda a Juan Antonio Torres el importe del pagaré de $150; que además de la finca de siete cuerdas carece de otros bienes; que para el mes de abril de 1939 él tenía

como de cuatrocientos a quinientos pesos en una tienda y tres vacas; y que cuando el márshal fué a embargar la finca de siete cuerdas él le dijo que esas tierras no eran suyas.

En apoyo de su contrademanda, Juan Antonio Torres declaró: que conoce a los hermanos Serrano, quienes eran sus vecinos; que le prestó $150 a Ruperto el primero de agosto de 1929 y éste le otorgó un pagaré; que Faustino tenía conocimiento de ese préstamo, porque cuando él, Torres, le fué a vender las 3½ cuerdas a Ruperto en 26 de noviembre de 1937, le dijo: "tú no tienes dinero para pagar menos puedes tener para comprar", y entonces Faustino le facilitó $140 a Ruperto para pagarle a Torres el precio de las 3½ cuerdas; que esas 3½ cuerdas constituyen la mitad de la finca de siete cuerdas en litigio, según aparece de la escritura de venta otorgada por Ruperto a Faustino en abril 14 de 1939, admitida en evidencia; que Faustino sabía que Ruperto le había tomado a Torres $150 para completar $200 que le costaron dos cuerdas que puso a nombre de su padre Saturnino Serrano. Éste, como testigo de *rebuttal,* declaró que él había comprado las dos cuerdas con dinero suyo procedente de una venta de tabaco y ganado.

En su relación del caso y opinión el juez sentenciador no hace declaración alguna de hechos probados y se limita a decir que después de examinar las alegaciones en relación con la prueba "llega a la conclusión de que el aquí demandante Faustino Serrano y el codemandado Ruperto Serrano, al otorgar la escritura núm. 3 en abril 14 de 1939, sobre compraventa de la finca aquí litigada, lo hicieron única y exclusivamente para defraudar al codemandado Juan Antonio Torres García, en su justa reclamación . . ." Y continúa diciendo: "Llegando, como hemos llegado, a esta conclusión, nada importa que en el título adquisitivo de dicho inmueble, se hiciera constar la entrega en efectivo, en presencia del notario otorgante del mismo, del importe de la venta, máxime cuando la prueba toda revela que Faustino Serrano López

estaba y estuvo siempre informado de los pormenores de las relaciones económicas existentes entre los dos aquí codemandados.''

La conclusión a que llegó la corte sentenciadora en cuanto al propósito fraudulento de la enajenación no está sostenida por la evidencia. Por regla general, el fraude no se presume, y el que lo alega debe probar su existencia con hechos incontestables. Simples conclusiones, conjeturas y suposiciones o sospechas no son por sí solas suficientes para sustanciar una alegación de fraude. La prueba que se requiere debe ser sólida, clara y convincente. *The Texas Co.* v. *Estrada,* y *Alvarez, Int.,* 50 D.P.R. 743.

El error de la corte inferior consistió en considerar que la relación de hermanos existente entre Faustino y Ruperto Serrano, partes en la escritura de traspaso de la finca, era por sí sola suficiente para que de ella surgiese como una presunción irrebatible—o por lo menos *juris tantum*—la del propósito fraudulento de la enajenación. En *The Texas Co.* v. *Estrada,* supra, y más tarde en *Nine* v. *Avilés,* 53 D.P.R. 494, casos que guardan algunas analogías con el presente, resolvimos que el parentesco entre las partes es una circunstancia sospechosa que en unión de otras puede ser considerada como evidencia de la existencia de fraude, pero que no es por sí misma suficiente para establecer tal hecho. Es, pues, un error sostener que del mero hecho del parentesco entre las partes surge una presunción de fraude.

La escritura de 14 de abril de 1939, por la que Ruperto Serrano vendió a su hermano Faustino la finca en litigio, tiene a su favor, como todas las transacciones humanas, la presunción de legalidad, honradez y pureza. No puede destruirse esa presunción por el solo hecho del parentesco entre las partes.

Ya hemos visto que en la escritura en cuestión el Notario autorizante da fe de que el precio estipulado fué pagado al vendedor en billetes de banco y que el comprador

los contó y los recibió a su satisfacción, en presencia del Notario y de los testigos instrumentales. De esos hechos surge la presunción de que el traspaso se hizo por causa justa y onerosa. Esa presunción fué reforzada por la declaración del comprador al efecto de que él pagó los $350 al vendedor en presencia del Notario y testigos. Véase *Santini Fertilizer* v. *Burgos*, 34 D.P.R. 869.

¿Es la prueba presentada por el demandado y contrademandante Torres suficiente para rebatir la presunción de legalidad del traspaso? Opinamos que no lo es. De acuerdo con la declaración de Torres, aparece que Faustino Serrano tuvo conocimiento de que Torres había prestado a su hermano Ruperto $150. Ese préstamo se hizo en agosto 1°. de 1929. No existe prueba alguna de que diez años más tarde, en abril 14 de 1939, al comprar la finca a su hermano Ruperto, Faustino Serrano supiese que la deuda estaba aún pendiente de pago. Tampoco se ha demostrado que en la fecha del traspaso Ruperto Serrano careciera de otros bienes sobre los cuales pudiera hacerse efectiva la sentencia en su contra. Por el contrario, el propio Ruperto declaró, sin que su declaración fuese impugnada o contradicha, que en abril de 1939 él poséia, además de las siete cuerdas, una tienda con existencias valoradas en cuatrocientos o quinientos dólares y tres vacas, y que poseyó esas propiedades hasta fines de 1940.

El contrademandante no presentó evidencia alguna tendiente a demostrar que el alegado precio de $350 no fué en realidad pagado.

No habiendo el contrademandante controvertido el hecho de que la enajenación se hizo a título oneroso, ésta no puede presumirse fraudulenta por no concurrir en el caso las circunstancias requeridas por el artículo 1249 del Código Civil, ed. 1930 y por la jurisprudencia de esta Corte Suprema. *Hernández* v. *Rosado*, 20 D.P.R. 175 y *Méndez Vaz* v. *De Choudens*, 35 D.P.R. 564. 20 Scaevola: Código Civil 941. En la fecha en que se hizo la enajenación en el caso de autos, ni

siquiera se había radicado demanda contra el enajenante. La enajenación se hizo en abril 14 de 1939. La demanda en cobro del pagaré no fué notificada al deudor Ruperto Serrano hasta el día 23 de mayo de 1939.

*La sentencia recurrida debe ser revocada y en su lugar se dictará otra declarando con lugar la demanda de tercería e imponiendo al demandado contrademandante el pago de las costas.*