FAUSTINO SERRANO LÓPEZ, peticionario, *v.* HON. LUIS PEREYÓ, JUEZ DE LA CORTE DE DISTRITO DE HUMACAO, y JUAN ANTONIO TORRES GARCÍA y RUPERTO SERRANO LÓPEZ, demandados.

Núm. 1543.—*Sometido:* Diciembre 20, 1943. *Resuelto:* Enero 13, 1944.

*Faustino R. Aponte,* abogado del peticionario; *F. González Fagundo,* abogado de los demandados en el pleito principal de tercería.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

Faustino Serrano López, el aquí peticionario, radicó ante la Corte Municipal de Humacao una demanda sobre tercería de dominio, contra Juan Antonio Torres y Ruperto Serrano López. La Corte Municipal dictó sentencia desestimando la demanda y condenando al demandante al pago de las costas. Dicha sentencia fué confirmada por la Corte de Distrito de Humacao. Y habiendo apelado el demandante para ante esta Corte Suprema, en diciembre 21, 1942, dictamos sentencia revocando la dictada por la Corte de Distrito de Humacao,

declarando con lugar la demanda de tercería e imponiendo al demandado el pago de las costas. (*Serrano* v. *Torres,* 61 D.P.R. 162.)

Con posterioridad a la sentencia dictada por esta corte, en enero 7 de 1943, el demandante radicó ante la Corte de Distrito de Humacao un memorándum de costas, el cual fué impugnado por el demandado, quien alegó que la Corte de Distrito carecía de jurisdicción para considerar dicho memorándum y aprobarlo o desaprobarlo. La corte de distrito dictó una resolución sosteniendo su jurisdicción para aprobar el memorándum de costas y no conforme el demandado apeló. En junio 18 de 1943 dictamos sentencia revocando la resolución recurrida y devolvimos el caso a la corte inferior para ulteriores procedimientos no inconsistentes con la opinión emitida por el Tribunal. (*Serrano* v. *Torres,* 62 D.P.R. 256.)

En julio 6, 1943, el demandante radicó ante la Corte Municipal de Humacao un memorándum de costas ascendente a la suma de $59.50. La Corte Municipal dictó una resolución aprobándolo, pero reduciéndolo a la suma de $57.50. El demandado apeló para ante la Corte de Distrito de Humacao y el demandante solicitó la desestimación de la apelación, siendo dicha moción declarada sin lugar. En octubre 21, 1943, el demandante radicó ante esta Corte Suprema una solicitud para la expedición de un auto de *certiorari,* en la que alega que la corte inferior cometió grave error de procedimiento, por cuanto la ley que regula las apelaciones de las cortes municipales a las de distrito no concede apelación contra la resolución de una corte municipal aprobando un memorándum de costas.

Las apelaciones contra las sentencias o resoluciones dictadas por las cortes municipales no se rigen por las disposiciones del artículo 295 del Código de Enjuiciamiento Civil, las cuales son aplicables exclusivamente a las apelaciones establecidas para ante el Tribunal Supremo contra las

resoluciones dictadas por las cortes de distrito. Es en la Ley de marzo 11 de 1908, titulada "Ley para Reglamentar las Apelaciones contra Sentencias de las Cortes Municipales en Pleitos Civiles" según ha quedado enmendada posteriormente, y en el artículo 339 del Código de Enjuiciamiento Civil que debemos encontrar, si es que existe, el derecho de la parte perdidosa a recurrir para ante la corte de distrito contra la resolución de una corte municipal aprobando o desaprobando un memorándum de costas.

El artículo 1 de la Ley de marzo 11 de 1908 (Comp. 1911, Secs. 5332–37), según ha sido enmendada, dispone que "cuando una corte municipal hubiere dictado sentencia en un asunto civil, resolviéndolo definitivamente, cualquiera de las partes que se creyere perjudicada, podrá interponer recurso de apelación para ante la corte de distrito", y continúa diciendo:

"*Disponiéndose,* que en todos los casos en que se pueda establecer el recurso de apelación según lo previsto en esta sección, será deber del Secretario de la Corte enviar a la parte perjudicada, o a su abogado, *al dictarse sentencia o resolución apelable,* una notificación escrita informándole a dicha parte perjudicada que tal *sentencia* o resolución ha sido dictada; etc." (Bastardillas nuestras.)

El artículo 3 de la citada ley provee que en la vista de la apelación ante la Corte de distrito el tribunal, "a instancia del apelante, revisará y tomará en consideración cualesquiera providencias, resoluciones o autos por los cuales se creyere aquél perjudicado." Y el artículo 4 dispone que el secretario de la corte de distrito enviará copia certificada de la sentencia a la corte municipal, y que "de allí en adelante, toda la tramitación para hacer efectiva la sentencia se llevará en la corte municipal, como si dicha sentencia hubiere originado en ella."

El artículo 339 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley de 19 de noviembre de 1917 ((2) pág. 229), disponía que el memorándum de costas debe ser

presentado al Secretario de la Corte en que se hubiere dictado sentencia en primera instancia, y proveía, además, que "Contra las resoluciones de la Corte resolviendo impugnaciones hechas a un memorándum de costas se podrá apelar por la parte o por su abogado."

El artículo 340 del mismo Código dispone que siempre que una corte de apelación conceda costas a una parte, ésta deberá presentar un memorándum a la corte inferior de acuerdo con el artículo 339.

La Ley núm. 69 de 11 de mayo de 1936 ((1) pág. 353) enmendó el artículo 339 del Código de Enjuiciamiento Civil para que leyera así:

"El memorándum de costas debe ser presentado dentro de los diez (10) días después de notificada la sentencia, y cualquier oposición del mismo dentro de los cinco (5) días subsiguientes. Dentro de los diez (10) días después de la resolución, de la corte sobre el memorándum de costas cualquiera de las partes puede apelar para ante el Tribunal Supremo y la apelación será tramitada conjuntamente con cualquiera apelación que haya sido establecida contra la sentencia principal; disponiéndose, que en caso en que no se haya establecido apelación de la sentencia principal, *podrá siempre apelarse del memorándum de costas.*" (Itálicas nuestras.)

Ya hemos visto que la Ley de marzo 11 de 1908 (art. 3) concede a la parte perjudicada por una providencia o resolución dictada por una corte municipal durante la tramitación de un pleito una oportunidad de que la misma sea revisada por la corte de distrito en la vista de la apelación contra la sentencia principal.

En el caso de autos el recurso de apelación ha sido interpuesto contra una resolución aprobando un memorándum de costas concedidas al apelante por sentencia de esta Corte Suprema. El artículo 339 del Código de Enjuiciamiento Civil, en su forma original, fué interpretado en el sentido de que la resolución dictada por una corte municipal en relación con un memorándum de costas era apelable.

800

¿Es susceptible dicho artículo 339, en la forma en que ha quedado enmendado por la Ley 69 de 1936, de esa misma interpretación? Opinamos que no.

El artículo 339 del Código de Enjuiciamiento Civil es aplicable solamente al memorándum de costas que se somete a la aprobación de la corte de distrito. El artículo, en su forma enmendada, al disponer que "dentro de los diez (10) días después de la resolución de la corte sobre el memorándum de costas cualquiera de las partes puede apelar para ante el Tribunal Supremo" limita ese derecho de apelación a los casos en que el memorándum ha sido aprobado por una corte de distrito y no incluye por lo tanto los casos en que la aprobación ha sido impartida por una corte municipal.

*Procede, por lo expuesto, declarar con lugar el recurso y revocar la resolución recurrida.*

El Juez Asociado Sr. Snyder no intervino.