Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| DUI, Inc.<br><br>Recurrido<br><br>vs.<br><br>Mary Flores Morales; Banco Popular de P.R.; Oriental Bank and Trust; Compañía de Seguros ABC<br><br>Peticionarios | KLCE2023001154 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil Núm.: GM2022CV00487<br><br>Sobre: Daños y Perjuicios, Daños por Incumplimiento Contractual |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece la parte peticionaria, Oriental Bank and Trust (en adelante, "Oriental") para solicitarnos que se revoque la "Resolución" emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama el 8 de agosto de 2023 y notificada el 9 de igual mes y año. Mediante dicha "Resolución", se declara No Ha Lugar la Moción de Desestimación.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se confirma mediante los fundamentos que expondremos a continuación.

**I.**

El 7 de julio de 2022, DUI, Inc. (en adelante, "DUI") presentó una demanda por incumplimiento contractual y daños y perjuicios contra Mary Flores Morales (en adelante, Sra. Flores Morales), BPPR, Oriental Bank & Trust (en adelante, "Oriental") y Compañía

de Seguros ABC. En dicha demanda alegó que, el 20 de junio de 2012, suscribió con BPPR un suplemento al "Contrato de Cuentas de Depósitos Comerciales" titulado "Disposiciones Especiales para Originadores de Transferencias ACH" para integrar el servicio de transacciones electrónicas a la empresa conocido como "Cámara de compensación de Transacciones" o "Automative Clearing House" (en adelante, "ACH"). Arguyó que, en septiembre de 2014, enmendaron este acuerdo para incluir a la Sra. Flores Morales como usuaria del sistema ACH, quien había comenzado a trabajar como empleada de DUI en el área de contabilidad en ese mismo año.

Señaló que, la Sra. Flores Morales emitió pagos a través de este sistema y los dirigió a sus cuentas bancarias personales con BPPR y Oriental. Que el *modus operandi* de la Sra. Flores Morales consistía en que: (1) sustituía en el archivo de ACH el número de cuenta bancaria de los beneficiarios que recibirían el pago con sus números de cuentas bancarias personales, (2) emitía el pago del suplidor, empleado o agencia a su cuenta personal y (3) por último, volvía al archivo del sistema y removía su número de cuenta colocando nuevamente el del beneficiario. Que, como parte de su esquema, utilizó dos cuentas personales con BPRR y tres cuentas de Oriental. DUI manifestó que la Sra. Flores Morales realizó 58 transacciones electrónicas desviando a sus cuentas personales con Oriental la cantidad de $107,88.97. Que la Sra. Flores Morales realizó varias transacciones fraudulentas a través del terminal de computadoras de la sucursal de BPPR ubicada en el municipio de Caguas.

En la Demanda se alega que, a finales del 2018, el Ing. Carlos Bonilla Colón presentó una querella ante la Policía de Puerto Rico y que posteriormente, presentó otra querella ante la oficina del "Federal Bureau of Investigation" (en adelante, "FBI").

El 4 de diciembre de 2019, el FBI presentó una acusación contra la Sra. Flores Morales por fraude bancario y una alegación de confiscación. El 12 de agosto de 2021, la Sra. Flores Morales suscribió un acuerdo de culpabilidad con la Fiscalía Federal, en la cual admitió haber apropiado ilegalmente la suma de $651,953.42 de fondos propiedad de DUI. La apropiación ilegal de fondos ocurrió desde septiembre 2014 hasta el 16 de noviembre de 2018.

Por último, DUI aseveró que: (1) Oriental conoce a la Sra. Flores Morales, toda vez que es su cliente, (2) la Sra. Flores Morales desvió fondos de DUI del sistema ACH a las cuentas bancarias personales con Oriental (3) BPPR y Oriental recibieron transferencia de fondos dirigidas a pagar al Secretario de Hacienda y la Compañía de Fomento Industrial (en adelante, "PRIDCO"), las cuales depositaron en las cuentas personales de la Sra. Flores Morales, (4) ambos bancos cooperaron en el esquema de robo y (5) la apropiación ilegal de fondos apoyada por BPPR y Oriental afectó sustancialmente la liquidez de DUI. Es importante resaltar que, todas estas alegaciones se encuentran en la introducción de la demanda.

El 12 de septiembre de 2022, Oriental presentó una Moción de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, en donde alegó que: (1) la Demanda no constituye un buen ejemplo de redacción ni precisión en sus alegaciones fácticas, (2) DUI no identifica contra qué demandados ha presentado qué causa de acción, (3) de la Demanda no se desprende actuación alguna dirigida a imputarle responsabilidad a Oriental, (4) Oriental no es parte del contrato entre BPPR y DUI, por lo que la causa de acción por incumplimiento contractual es improcedente, (5) la única referencia a Oriental existente en la Demanda es que los fondos de DUI fueron depositados en cuentas en Oriental que mantenía la Sra. Flores Morales (6) DUI no es

cliente de Oriental y (7) que Oriental como banco del beneficiario, podía descansar en el número de cuenta o identificación apropiada del beneficiario de la orden y que no tenía la obligación de corroborar que el nombre y el número se referían a la misma persona.

Posteriormente, el 29 de octubre de 2022, DUI presentó su Oposición a la Moción de Desestimación de Oriental. Indicó que: (1) el volumen de transacciones fraudulentas en este caso no tiene precedentes judiciales en Puerto Rico, ni en los Estados Unidos, ya que se trata de 532 transacciones, (2) Oriental permitió el esquema fraudulento por espacio de más de cuatro años, (3) Oriental depositó la cantidad de $319,092.82 de los $651,952.42 apropiados ilegalmente en las cuentas personales de la Sra. Flores Morales, y (4) la Sra. Flores Morales desvió a sus cuentas de Oriental la suma de $107,887.95, que eran para pagar al Secretario de Hacienda y a PRIDCO. También arguyó que, los números de cuentas bancarias de las agencias gubernamentales son distintos a los números de cuentas personales y comerciales, por lo que, Oriental no puede evadir su responsabilidad. Señaló que, Oriental no ha implementado procedimientos de seguridad comercialmente razonables para proteger los fondos. Por último, esbozó que durante los cuatro años en que ocurrió la apropiación ilegal, Oriental no detectó el fraude bancario, ni congeló las cuentas de la Sra. Flores Morales.

El 7 de noviembre de 2022, el Tribunal de Primera Instancia emitió una orden mediante la cual señaló una vista para discutir la Moción de Desestimación por video conferencia. Así las cosas, el 9 de noviembre de 2022, Oriental presentó su Réplica a la Oposición radicada por DUI, en la cual alegó que, es una víctima más del esquema delictivo de la Sra. Flores Morales y que de los hechos alegados en la demanda no surge acto u omisión negligente de

Oriental. El 27 de enero de 2023, DUI presentó su Dúplica a la "Réplica a la Oposición de la Demandante a la Moción de Desestimación Presentada por Oriental". Asimismo, Oriental radicó oportunamente su respuesta a esta moción.

Posteriormente, el BPPR presentó una Moción Informativa mediante la cual comunicó que, el Tribunal Federal emitió una Sentencia Enmendada en el caso de *U.S. v. Mary Flores-Morales* condenando a la Sra. Flores Morales a una pena de reclusión de 27 meses y una pena de restitución a favor de DUI por la suma de $ 651,952.42. El 31 de mayo de 2023 se celebró una vista argumentativa donde ambas partes tuvieron la oportunidad de expresar su posición sobre la Moción de Desestimación.

Inconforme con lo anteriormente resuelto, la parte peticionaria acudió a este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

> *Primer error: Erró el Tribunal de Primera Instancia al negarse a desestimar la demanda en lo que al codemandado Oriental respecta cuando -de acuerdo con la Regla 8.2 de Procedimiento Civil- no existe ni un solo hecho bien alegado y numerado que justifique la concesión de un remedio en contra de Oriental.*

> *Segundo error: En la alternativa, y mas allá del incumplimiento de la parte demandnte con la Regla 8.2 de Procedimiento Civil, erró el Tribunal de Primera Instancia al no desestimar la demanda cuando, en contravención con la Regla 7.2 de Procedimiento Civil, el demandante no logró exponer detalladamente alegaciones de fraude que pudieran dar paso a un remedio en contra de Oriental.*

> *Tercer error: En la alternativa, y más allá del incumplimiento de la parte demandante con la Regla 8.2 y la Regla 7.2 de Procedimiento Civil, erró el Tribunal de Primera Instancia al negarse a desestimar la demanda cuando en este caso no existen alegaciones que apunten hacia la configuración de los elementos indispensables de una causa de acción de daños y perjuicios en contra de Oriental.*

> *Cuarto error: En la alternativa y mas allá del incumplimiento de la parte demandante con la Regla 8.2 y la Regla 7.2 de Procedimiento Civil, erró el Tribunal de Primera Instancia al negarse a desestimar la demanda cuando el inciso (B) (I) de la Sección 4-207 de la Ley de Transacciones Comerciales veda el reclamo generalizado interpuesto en contra de Oriental.*

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil, *supra,* permite que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020).

La precitada regla dispone lo siguiente:

*Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5)* **dejar de exponer una reclamación que justifique la concesión de un remedio***; (6) dejar de acumular una parte indispensable.* (Énfasis provisto.)

Al evaluar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *López García v. López García*, 200 DPR 50, 73 (2018). Esta doctrina solo es aplicable a los hechos que, de su faz, no dan margen a dudas. *First Fed. Savs v. Asoc. De Condómines,* 114 DPR 426, 432 (1983). El tribunal también dará por admitidas las inferencias que surjan de los hechos. *Montañez v. Hosp. Metropolitano*, 157 DPR 105 (2002). Las admisiones se tomarán en consideración únicamente para propósitos de resolver la moción de desestimación. *Id.* pág. 103. Por consiguiente, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun cuando se interprete la demanda de la forma más liberal. *López Garcia, supra.*, pág. 70.

Para que una demanda no sea desestimada, es necesario que las alegaciones incluyan información suficiente sobre hechos

que resulten plausibles. *Ashcroft v. Iqbal,* 556 US 662, 678 (2009). Un reclamo es plausible cuando el demandante alega hechos fácticos que permiten al tribunal razonablemente inferir que el demandado es responsable de los daños alegados. *Id.* Solicitar motivos plausibles no impone un requisito de probabilidad en etapas tempranas del caso, solo requiere la inclusión de hechos suficientes que generen una expectativa razonable de que el descubrimiento de prueba revelará evidencia relacionada con la causa de acción. *Bell Atlantic Corp v. Twombly,* 550 US 544, 545 (2007).

En el caso de *Ashcroft v. Igbal,* la Corte Suprema de los Estados Unidos explicó que para evaluar si las alegaciones en una demanda son factibles y no meramente especulativas, los tribunales deben llevar a cabo un análisis contextual de dos etapas. *Ashcroft v. Igbal,* 556 US 662, 678 (2009). En la primera etapa se requiere considerar como ciertos los hechos en la demanda con excepción de las alegaciones concluyentes, las conclusiones de derecho y los hechos genéricos. *Id.* La segunda etapa consiste en determinar si con base en las alegaciones bien fundamentadas en la demanda, el demandante ha establecido una reclamación que merece la concesión de un remedio. Id. pág. 679. El tribunal decidirá si en vista de todas las circunstancias del caso, el demandante ha presentado una reclamación factible o si la causa de acción debe ser desestimada. *Id.*

Por otra parte, la Regla 8.2 de Procedimiento Civil, 2 LPRA Ap. V, R. 8.2, establece lo siguiente:

> ***Todas las aseveraciones de reclamaciones o de defensas se expondrán en párrafos numerados****, limitándose el contenido de cada párrafo, en cuanto sea posible, a un solo conjunto de circunstancias, pudiendo hacerse referencia a cualquier párrafo por su número en todas las alegaciones subsiguientes. Cada reclamación basada en un acto, una omisión o un evento independiente, y cada defensa que no constituya una mera negación, se hará constar como una reclamación o*

*defensa separada, siempre que la separación facilite una formulación más clara de los asuntos expuestos.* (Énfasis Suplido.)

**B.**

La Regla 7.2 de Procedimiento Civil, 2 LPRA Ap. V, R. 7.2, aborda lo relacionado con la suficiencia de las alegaciones al imputar fraude error o un estado mental específico. La aludida regla establece lo siguiente:

> ***En todas las aseveraciones de fraude o error, las circunstancias que constituyen el fraude o error deberán exponerse detalladamente.*** *La malicia, la intención, el conocimiento y cualquier otra actitud o estado mental de una persona puede aseverarse en términos generales.* (Énfasis Nuestro).

Nuestro Tribunal Supremo ha señalado que las aseveraciones relacionadas con fraude o error se consideran materias especiales, las cuales deben detallarse minuciosamente en las alegaciones. *Carpet & Rugs v. Tropical Reps.,* 175 DPR 615, 641 (2009). No solo se requiere alegar de manera afirmativa el fraude, sino también detallar específicamente las circunstancias que lo constituyen. *Figueroa v. Banco de San Juan,* 108 DPR 680, 690-691 (1979). Simples conclusiones, conjeturas y suposiciones o sospechas no son por sí solas suficientes para sustanciar una alegación de fraude. *Serrano v. Torres,* 61 DPR 162, 166 (1942). La parte que alegue comisión de fraude debe traer prueba sólida, clara y convincente. *Id.*

**C.**

Nuestro ordenamiento dispone que, el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño que ha causado.[1] 31 LPRA § 5141. La presencia de los siguientes elementos es indispensable para que exista responsabilidad: (1) un daño, (2) una acción u omisión negligente y (3) la relación causal entre el daño y la conducta

---

[1] Se cita el Código Civil derogado por ser el aplicable a los hechos del caso.

culposa o negligente. *Toro Aponte v. E.L.A,* 142 DPR 464, 473 (1997). El concepto de culpa es tan extenso y abarcador como la variedad de comportamientos humanos. *Reyes v. Sucn. Sánchez Soto,* 98 DPR 305, 310 (1970). La culpa o negligencia implica la ausencia del debido cuidado, que se manifiesta en la falta de previsión de las consecuencias lógicas de un acto o de la omisión, que una persona prudente habría anticipado en circunstancias similares. *Toro Aponte v. E.L.A., supra. a la pág. 473.* Por último, una omisión genera responsabilidad civil si: (1) existe un deber jurídico de actuar por parte del supuesto causante del daño y (2) si llevar cabo la acción omitida habría evitado el daño. *Id.* a la pág. 474.; *Arroyo López v.* E.L.A., 126 DPR 682 (1990).

### D.

En Puerto Rico, la Ley Núm. 208-1995, según enmendada, conocida como la Ley de Transacciones Comerciales es una legislación especial, que reglamenta, entre otros, los cobros bancarios y las transferencias de fondos. Específicamente, el inciso (b) de la Sección 4-207, 19 LPRA § 1057, dispone lo siguiente:

> *[...] (b) Si una orden de pago recibida por el banco del beneficiario identifica al beneficiario tanto por nombre como por un número de identificación o de cuenta que identifique a personas diferentes, aplicarán las reglas siguientes:*
>
> *(1) Salvo según de otra forma se dispone en la subsección (c), si el banco del beneficiario no sabe que el nombre y número se refieren a personas diferentes, podrá descansar en el número como la identificación apropiada del beneficiario de la orden. El banco del beneficiario no tendrá la obligación de determinar si el nombre y el número se refieren a la misma persona.*
>
> *(2) **Si el banco del beneficiario le paga a la persona identificada por nombre o sabe que el nombre y número identifican a personas diferentes, ninguna persona tendrá derechos como beneficiario** excepto la persona a quien pagó el banco del beneficiario, si esa persona tenía derecho a recibir pago de parte del originador de la transferencia de fondos. Si ninguna persona tiene*

> *derechos como beneficiario, la aceptación de la orden no podrá ocurrir.* (Énfasis Suplido).

### III.

En el presente caso, la parte peticionaria nos solicita que revoquemos la "Resolución" emitida por el Tribunal de Primera Instancia, en la que declara No Ha Lugar la Moción de Desestimación.

Los primeros tres errores están estrechamente relacionados, por lo tanto, se abordarán de manera conjunta en la discusión. En su escrito, Oriental argumenta que el Tribunal de Primera Instancia erró al no desestimar la demanda, ya que: (1) no existe ni un solo hecho bien alegado y numerado que justifique la concesión de un remedio, (2) el demandante no logró exponer detalladamente alegaciones de fraude que pudieran dar paso a un remedio en contra de Oriental y (3) no existen alegaciones que apunten hacia la configuración de los elementos indispensables de una causa de acción de daños y perjuicios. No le asiste la razón.

Los reclamos que el recurrido presenta contra Oriental se encuentran en la introducción de la demanda. A pesar de la falta de numeración en los reclamos, de una lectura integral de la Demanda, podemos inferir que DUI tiene derecho a obtener un remedio. Así pues, si asumimos que las alegaciones de la Demanda son ciertas y las consideramos de la manera más favorable y liberal para la parte demandante, existe una causa de acción contra Oriental. Dicho de otro modo, la Demanda incluye hechos suficientes que generan una expectativa razonable de que el recurrido ha sufrido un daño debido a la omisión de la parte peticionaria y que existe una relación causal entre el daño y la conducta negligente. No nos encontramos frente a alegaciones que sean simplemente una posibilidad especulativa. En síntesis, se satisface el estándar mínimo de suficiencia y plausibilidad que

exige nuestro ordenamiento y a su vez, se configuran los elementos indispensables de una causa de acción de daños y perjuicios en contra de Oriental.

Por otra parte, la regla 7.2 de Procedimiento Civil, *supra,* exige que las aseveraciones de fraude, se expongan detalladamente en la Demanda. No obstante, esta regla no es aplicable a los hechos de nuestro caso. Esto es así, ya que DUI no está alegando que Oriental cometió fraude, si no que, por su omisión en tomar medidas de precaución, le ocasionó daños y perjuicios al no evitar que la Sra. Flores Morales se apropiara ilegalmente del dinero.

Como último señalamiento de error, Oriental plantea que, el Tribunal de Primera Instancia erró al no desestimar la Demanda cuando la Ley de Transacciones Comerciales, *supra,* veda el reclamo generalizado en contra de Oriental. Conforme a esta ley, si la entidad bancaria del beneficiario no sabe que el nombre y número se refieren a personas distintas, no está obligada a verificar si estos coindicen con la misma persona. En cambio, cuando el banco del beneficiario sabe que el nombre y número identifican a personas diferentes, nadie tendrá derechos como beneficiario, a excepción de la persona a la que el banco del beneficiario hizo el pago.

Surge del expediente del caso que, la Sra. Flores Morales utilizó tres cuentas bancarias de Oriental para apropiarse de la cantidad de $107,887.95 mediante 58 transacciones electrónicas ilegales. Este dinero le correspondía al Secretario de Hacienda y a PRIDCO. Oriental estaba informado de que los números de cuentas de la Sra. Flores Morales, del Departamento de Hacienda y de PRIDCO tienen clasificaciones distintas. La primera corresponde a cuentas personales y las demás a cuentas institucionales. Así pues, dicho argumento no procede, ya que la parte peticionaria no

podía descansar en el número como la identificación apropiada del beneficiario de la orden.

**IV.**

Por los fundamentos antes esbozados, los cuales hacemos formar parte de esta Sentencia, se expide el auto de *certiorari* y confirmamos la "Resolución" emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama a los fines de declarar No Ha Lugar la Moción de Desestimación.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones