HERNÁNDEZ, APELANTE, v. MEDINA ET AL., APELADOS.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 856.—Resuelto en febrero 7, 1913.

GRAVÁMENES POR SENTENCIA—NATURALEZA DE LOS MISMOS.—Los gravámenes por sentencia son creados por la ley y a falta de una disposición expresa de la legislatura sobre la materia, no se considera que las sentencias constituyen gravámenes sobre bienes inmuebles según el moderno sentido de la frase.

ID.—LEY VIGENTE—ALCANCE DEL GRAVAMEN POR ELLA ESTABLECIDO.—De acuerdo con la sección 6 de la ley de marzo 8, 1906, el alcance del gravamen por sentencia es el mismo que tenía, según el artículo 1824, No. 4 del Código Civil, en relación con la Ley Hipotecaria, la anotación preventiva hecha por embargos, secuestros o ejecución de sentencia a virtud de mandamiento judicial, en cuanto a créditos posteriores.

ID.—REGISTRO DE SENTENCIAS—INDICE.—Para que una sentencia constituya gravamen sobre todos los bienes inmuebles del deudor situados en el distrito, es indispensable que sea inscrita en el "Registro de Sentencias" y pasada al "Indice" a que se refiere la sección 4 de la ley sobre la materia. Faltando el último requisito no produce tal efecto.

COSTAS—CUANTÍA LITIGIOSA.—No cometió error la corte sentenciadora al tomar como base para determinar la cuantía litigiosa, con objeto de imponer las costas, el haberse originado este incidente en un pleito en donde se dictó sentencia por más del $1,400.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

El apelado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 15 de febrero de 1912, Agustín Hernández Mena presentó una moción en el pleito seguido por él contra Julio Medina González en la Corte de Distrito de Mayagüez, sobre cobro de dinero, alegando que en dicho pleito se había dictado, en 19 de agosto de 1907, sentencia en contra del demandado, por la suma de $1,480.95, intereses y costas, cuya sentencia se había inscrito en el libro "Registro de Sentencias" del Registro de la Propiedad de Mayagüez, el 17 de enero de 1910, según aparecía de una certificación expedida por el registrador de la propiedad que obraba en el récord del pleito.

Que del importe de la referida sentencia quedaban aun pendientes de pago $867.25, y el márshal del distrito había embargado para su cobro todo el derecho del demandado sobre una casa situada en Mayagüez, que se describe debidamente. Que dicha casa aparecía inscrita en el registro de la propiedad a favor de Francisco Forteza, quien la había adquirido por compra a Julio Medina González, el 13 de junio de 1910.

Que cuando la repetida sentencia fué inscrita en el registro de sentencias, la referida casa pertenecía al demandado Medina y que por tanto había quedado gravada de acuerdo con la sección 6 de la ley sobre gravámenes por sentencias de 8 de marzo de 1906.

Por virtud de lo expuesto, el dicho Hernández Mena suplicó a la corte que dictara una orden disponiendo que Francisco Forteza fuera requerido, para que dentro del término de diez días liberara la finca, pagando los $867.25 adeudados, y de no hacerlo así, que se procediera a cancelar en el registro de la propiedad la inscripción de la finca a favor de Forteza.

La corte, el 23 de febrero de 1912, accedió a lo solicitado. Requerido Forteza, compareció ante la corte y alegó que la finca de que se trataba había sido primeramente embargada por el mismo Hernández Mena en la ejecución de la propia sentencia dictada el 19 de agosto de 1907 en el pleito seguido por Hernández contra Medina y adjudicada al repetido Hernández en pago parcial de la sentencia. Que dueño Hernández de la casa, la inscribió a su favor en el registro y la vendió al demandado Medina. Y que éste la inscribió a su favor en el registro y la vendió al compareciente Forteza que también inscribió su título en el registro de la propiedad.

Hernández Mena aceptó la verdad de los hechos alegados por Forteza, pero sostuvo que tenía derecho a lo que había solicitado, y la corte, finalmente, el 9 de marzo de 1912, reconsideró su anterior resolución y declaró sin lugar la moción de Hernández Mena, con las costas al mismo. Contra esta resolución de la corte se interpuso el presente recurso de apelación.

Como puede verse por los hechos expuestos, está envuelta

en este caso la interpretación de la ley sobre gravámenes por séntencias de 1906, ley de gran importancia y que debe ser cuidadosamente estudiada por los interesados en transferencias y gravámenes de bienes inmuebles y por la abogacía en general.

Por dicha ley se crea un sistema de gravámenes ocultos en cierto modo, contrario al sistema establecido por la Ley Hipotecaria que exige la especificación de los gravámenes en cada una de las fincas afectadas por los mismos.

Antes de entrar en la interpretación de sus preceptos, nos parece oportuno fijar la naturaleza de los gravámenes por sentencia, de acuerdo con la jurisprudencia americana.

El gravamen impuesto por una sentencia, dice Cyc., apoyándose en numerosas decisiones de los tribunales, no constituye o crea un estado, interés o derecho de propiedad en los bienes que puedan quedar sujetos al cumplimiento de la misma; solamente da derecho a que se establezca un embargo sobre dichos bienes con exclusión de otros intereses adversos posteriores a la sentencia. Por lo general no es un gravamen de carácter específico que se impone sobre determinado inmueble del deudor declarado por la sentencia, sino que es un gravamen general sobre todos sus bienes inmuebles.

De acuerdo con la Ley Común, los bienes inmuebles de un deudor no quedaban afectos al cumplimiento de una sentencia dictada contra él y, por tanto, no se adquiría contra ellos ningún gravamen por virtud de la sentencia. Pero hacia el año de 1285, un estatuto inglés que autorizaba el *writ of elegit,* (orden al márshal para incautarse de los bienes del demandado), estableció una forma rudimentaria de gravámenes sobre bienes inmuebles a favor de los acreedores por sentencia, de la cual se ha originado el moderno gravamen por sentencia.

Los gravámenes por sentencia son creados por la ley y a falta de una disposición expresa de la Legislatura sobre la materia, no se considera que las sentencias constituyen gravámenes sobre bienes inmuebles según el moderno sentido de la frase.

Véase 23 Cyc., 1350 y siguientes.

En Puerto Rico existe una ley completa sobre la materia, la aprobada en 1906 a que nos hemos referido anteriormente. La sección 6 de la misma, dice así:

"Cuando una sentencia fuere inscrita y pasada al índice, según lo dispuesto en las precedentes secciones, tendrá desde luego efecto de un gravamen sobre todos los inmuebles del demandado o demandados, no exentos de embargo, radicados en el distrito donde se inscribiere el correspondiente extracto, y sobre todos los inmuebles que el demandado o demandados posteriormente adquieren en dicho distrito. Y tal gravamen tendrá el alcance y prelación que se determina en el párrafo 4°. del artículo 1824 del Código Civil."

Y el artículo 1824, número 4°. del Código Civil, tal como estaba vigente en 1906, dice así:

"Artículo 1824.—Con relación a determinados bienes inmuebles y derechos reales del deudor, gozan de preferencia    *    *    *.

"4°. Los créditos preventivamente anotados en el registro de la propiedad en virtud de mandamiento judicial, por embargos, secuestros o ejecución de sentencias, sobre los bienes anotados, y sólo en cuanto a créditos posteriores."

Dicho artículo 1824, fué modificado en 1910, por la sección 15 de la ley número 37, quedando lo preceptuado en el número 4 exactamente igual, pero marcado con el número 5 en vez del número 4.

El efecto de la sección 6 de la ley sobre gravámenes por sentencia de 1906, se desprende claramente de sus términos. Según éstos, basta registrar la sentencia en, el registro de sentencia a que se refiere la sección 3, y pasarla al índice del registro de sentencias de acuerdo con la sección 4, para que tenga, *desde luego,* el efecto de un gravamen sobre todos los inmuebles del demandado, no exentos de embargo, radicados en el distrito, y sobre todos los inmuebles que el demandado posteriormente adquiera en dicho distrito. El alcance de dicho gravamen es el mismo que tenía, según el artículo 1824, número 4, en relación con la Ley Hipotecaria,

la anotación preventiva hecha por embargos, secuestros o ejecución de sentencias a virtud de mandamiento judicial, en cuanto a créditos posteriores.

Interpretada la ley en tal sentido, veamos cómo debe aplicarse al caso concreto sometido a nuestra consideración.

Lo primero que debemos investigar es si la sentencia dictada en *Hernández* v. *Medina,* fué registrada en el registro de sentencias y pasada al índice, porque sólo en tal caso es que de acuerdo con la ley constituirá un gravamen sobre los bienes del deudor. Lo primero, o sea el registro en el Registro de Sentencias del Registro de la Propiedad de Mayagüez, aparece alegado por el peticionario y aceptado por la parte contraria, pero lo segundo, o sea la anotación en el índice, no aparece alegada, ni aceptada, ni demostrada en forma alguna en la transcripción elevada a este tribunal por el apelante, Hernández Mena.

Siendo esto así, cae por su base la solicitud del demandante de acuerdo con los términos claros y precisos de la sección 6 de la ley sobre la materia y con la jurisprudencia de los tribunales.

"En muchos Estados el estatuto dispone que las sentencias serán debidamente registradas y extractadas antes de que puedan constituir gravamen sobre los bienes inmuebles del deudor, y a no ser que se cumpla con esta disposición legal no se considerará la sentencia como un gravamen, por lo menos en cuanto a los subsiguientes compradores de buena fe o personas con derecho sobre dichos bienes que no tengan verdadero conocimiento de ello, si bien el caso puede variar si se tratare de las primitivas partes. De acuerdo con esta regla, incumbe al acreedor por sentencia cerciorarse de que ésta ha sido debidamente registrada o extractada con arreglo a la ley, so pena de perder su gravamen." 23 Cyc., 1353 y casos citados.

"De acuerdo con los estatutos por los que se dispone que se lleven índices de sentencias, una sentencia no constituirá gravamen sobre una propiedad inmueble aun cuando hubiera

sido debidamente archivada y registrada, si no aparece que se ha pasado al índice.'' 23 Cyc., 1356 y casos citados.

Siendo esto así, no es necesario entrar en la consideración y resolución de las otras cuestiones envueltas en el litigio. La solicitud de Hernández Mena de 15 de febrero de 1912, era claramente insuficiente y la resolución apelada por virtud de la cual se desestimó finalmente dicha solicitud, debe confirmarse.

Otro recurso ha sido tramitado conjuntamente con el anterior, a saber: el interpuesto contra la resolución aprobatoria del memorándum de costas.

Dicho memorándum, tal como fué presentado por Forteza, contenía las siguientes partidas: $5 por honorarios del secretario; $3.40 por desembolsos en sellos, y $50 por honorarios de abogado. Hernández Mena negó la veracidad de la primera partida alegando que sólo ascendía a $0.55, no objetó la segunda, e impugnó la tercera porque la cuantía de la cosa litigiosa, la casa, no ascendía a $500. La corte, en abril 12 de 1912, rebajó la primera partida a $2.10, dejó intacta la segunda y rebajó la tercera a $30, y así aprobó el memorándum ascendente en su totalidad a $35.50.

Apeló Hernández de la dicha resolución aprobatoria del memorándum y en su alegato sólo se ha referido a la partida de honorarios, impugnándola por el motivo indicado. No alega otra causa de impugnación.

Si bien la casa de que se trata aparece adquirida y vendida por $200, la solicitud de Hernández, origen de estos recursos, se hizo para requerir a Forteza que pagara más de $800 y se presentó dentro de un pleito en el cual se había dictado sentencia por más de $1,400, y al tomar como base estas últimas cantidades y no la primera para regular la naturaleza del asunto, creemos que la corte de distrito no cometió ningún error fundamental que lleve consigo la nulidad de su resolución.

También debe, en tal virtud, declararse sin lugar este otro recurso y confirmarse la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.