VIÑAS, DEMANDANTE Y APELANTE, *v.* GANDÍA Y COMPAÑÍA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre tercería de bienes inmuebles e *injunction.*

No. 1634.—Resuelto en julio 28, 1917.

INJUNCTION—TERCERÍA DE BIENES INMUEBLES—FALTA DE TÍTULO CLARO—GRAVÁMENES POR SENTENCIA.—De las pruebas aportadas resulta que la demandada obtuvo sentencia favorable en cobro de pesos contra una sucesión, la cual fué anotada en el registro de sentencias y en el índice de él; que posteriormente a la anotación el demandante presentó demanda, también en cobro de pesos, contra la misma sucesión, en la que asimismo recayó sentencia favorable y para su cumplimiento fueron subastados y se le adjudicaron varias fincas, haciéndole saber el márshal la anotación que a su favor tenía la demandada. Cuando esta sociedad quiso cumplir su sentencia y se inició el remate de las fincas, se presentó una demanda de tercería y esta solicitud de *injunction.* Se resolvió: que el demandante carece de un título claro para que pueda concedérsele el *injunction* que solicita, por cuanto adquirió las fincas cuando estaban ya sujetas al gravamen por sentencia de la demandada y las compró con esa obligación, hecho que conocía no sólo por el aviso que le dió el márshal, sino principalmente porque el registro es público y da conocimiento a todos; y que sólo podrá liberarlas pagando la cantidad a que están afectas, según el artículo 71 de la Ley Hipotecaria.

GRAVÁMENES POR SENTENCIA—INSCRIPCIÓN DE SENTENCIA—PRELACIÓN.—Cuando una sentencia es inscrita en el registro de sentencias y en el índice del de un registro de la propiedad, conforme a la ley de 8 de marzo de 1906, sección 6, tiene el efecto de un gravamen sobre todos los inmuebles del deman-

dado  no exentos de embargo radicados en el distrito donde se inscribiere y sobre todos los que posteriormente adquiera en dicho distrito, teniendo tal gravamen el alcance y prelación que se determina en el párrafo 5 del artículo 1824 del Código Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Mercader.*

Los apelados no comparecieron.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante Manuel Viñas Caamaño presentó en la Corte de Distrito de Arecibo en 25 de enero de 1916 demanda de tercería de bienes inmuebles contra la mercantil Gandía y Compañía y otros, y también una petición para que se decretase un *injunction* prohibiendo que Gandía y Ca. vendieran ciertas fincas cuyo remate judicial había hecho anunciar para el 31 de enero de 1916 mientras se resolviera su demanda de tercería, fundándose para la prohibición solicitada en que es dueño de las fincas, que las posee y las cultiva habiendo invertido en ellas cuantiosos intereses y en que de llevarse a cabo el remate anunciado se originaría una multiplicidad de procedimientos judiciales, siendo la restricción pedida saludable para salvar al peticionario de sufrir daños de consideración y pérdidas irreparables difíciles de justipreciar.

Señalado día para oir a las partes y decretada mientras tanto la suspensión de la venta, recayó luego la resolución apelada que declaró no haber lugar a expedir la orden prohibitoria solicitada.

De las pruebas aportadas a la vista de la solicitud resulta que en noviembre 21 de 1912 la mercantil Gandía & Ca. demandó en la Corte de Distrito de Arecibo a Francisco Alonso, después su sucesión, en cobro de pesos obteniendo sentencia favorable en enero 8 de 1914 la cual fué anotada cinco días después en el registro de sentencias del Registro de la Propiedad de Arecibo y en el índice de él.   Tal sentencia fué apelada a este Tribunal Supremo y por nosotros confirmada en 5 de mayo de 1915.   Mientras esto ocurría, y con posterioridad a

la anotación de la sentencia en el registro de la propiedad, el apelante Viñas presentó demanda en cobro de pesos en la misma corte el 17 de abril de 1914 contra el deudor de Gandía & Ca. en la que recayó sentencia favorable al demandante de fecha junio 2 de 1914 y para su cumplimiento fueron subastadas y se le adjudicaron varias fincas rústicas en 25 de agosto de 1914, haciéndole conocer el márshal la anotación que a su favor tenía Gandía & Ca. Cuando esta sociedad quiso cumplir su sentencia y se anunció para el 31 de enero de 1916 el remate de las mismas fincas que habían sido adjudicadas a Viñas fué que presentó éste su solicitud de prohibición antes reseñada y la demanda de tercería que fundó en ser dueño de dichas fincas y estar en posesión de ellas.

La apelada Gandía & Ca. excepcionó la solicitud de prohibición provisional, negó que el remate que origina la petición pueda ocasionar multiplicidad de procedimientos judiciales ni daños y perjuicios irreparables, y reprodujo las defensas de su contestación a la demanda de tercería tendentes a demostrar que las fincas en litigio están sujetas a su anotación de la sentencia y a la venta, a pesar de la adjudicación que se hizo a Viñas.

En el caso de *Trujillo, Mercado & Co.* v. *Rodríguez,* 16 D. P. R. 132, reconocimos el principio que rige en materia de interdictos prohibitorios (*injunctions*) según el cual para que esté justificada su concesión es necesario que el derecho del demandante sea claro en cuanto a los hechos y a la ley que los regule; principio que ha sido aceptado por nuestra ley vigente sobre la materia.

Por tanto la principal cuestión a resolver en este caso es si el título que ostenta el peticionario es claro en cuanto a los hechos y a la ley.

El apelante Viñas adquirió las fincas que pertenecían a la Sucesión Alonso después de haber sido anotada en el registro de sentencias del registro de la propiedad y en su índice la sentencia que contra la Sucesión Alonso había obtenido Gandía & Ca., de acuerdo con la ley de 8 de marzo de 1906 pro-

veyendo la forma de establecer gravámenes sobre inmuebles por sentencia, cuya sección 6ª. establece que cuando una sentencia fuere inscrita en el registro de sentencias del registrador de la propiedad, tendrá desde luego el efecto de un gravamen sobre todos los inmuebles del demandado, no exentos de embargo, radicados en el distrito donde se inscribiere y sobre todos los que posteriormente adquiriese en dicho distrito, teniendo tal gravamen el alcance y prelación que se determina en el párrafo cuarto del artículo 1824 del Código Civil, hoy párrafo 5 del mismo artículo por virtud de enmienda que de él se hizo en 1910.   Este artículo y párrafo dispone que gozarán de preferencia con relación a determinados bienes inmuebles y derechos reales del deudor, los créditos preventivamente anotados en el registro de la propiedad en virtud de mandamiento judicial por embargos, secuestros o ejecución de sentencias, sobre los bienes anotados, y sólo en cuanto a créditos posteriores.

Cuando Viñas adquirió las fincas estaban sujetas a un gravamen por sentencia, hecho que conoció no sólo por el aviso que le dió el márshal en el momento de la subasta sino principalmente porque el registro es público y da conocimiento a todos, y por tanto las compró sujetas a la obligación de responder de la cantidad especificada en la sentencia registrada de Gandía & Ca., porque según el artículo 71 de la Ley Hipotecaria su adquisición fué sin perjuicio del derecho de Gandía & Ca. y sólo podrá liberarlas pagando la cantidad a que estaban afectas.

Por consiguiente el apelante no solamente carece de un título claro en contra de Gandía y Compañía, por lo que no tiene derecho al remedio que solicitó y que le fué negado por la resolución apelada, sino que está subordinado al derecho del apelado de cobrarse su sentencia con los bienes gravados y adquiridos posteriormente por el apelante.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.