NICOLÁS CRESPO GONZÁLEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE ARECIBO, HON. WILLIS RAMOS VÁZQUEZ, JUEZ, demandado, RAMÓN FERRER DELGADO, interventor.

*Número*: 2385. *Resuelto*: 25 de septiembre de 1961.

*E. Pérez Casalduc* y *Herminio Miranda Negrón,* abogados del peticionario; *A Cadilla Ginorio,* abogado del interventor.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Serrano Geyls y Rigau.

PER CURIAM: En un pleito en cobro de dinero seguido ante el Tribunal de Distrito, Sala de Camuy, Ramón Ferrer Delgado obtuvo sentencia a su favor contra el allí demandado Pedro Casanova García, por la suma total de $721.66. Dicha sentencia fue dictada el día 18 de abril de 1955 e inscrita en el Registro de Sentencias del Registro de la Propiedad de Puerto Rico, Sección de Arecibo, el 21 de abril del mismo año y pasada al índice del referido Registro de Sentencias.

Para la fecha del registro de dicha sentencia el demandado Casanova García tenía inscrito en el Registro de la Propiedad

un condominio de una cuarta parte indivisa sobre una finca urbana ubicada en solar del Municipio de Hatillo.

Por escritura pública de fecha 8 de junio de 1955, Casanova García vendió su indicado condominio a Nicolás Crespo González, el aquí peticionario, inscribiéndose dicho condominio a favor de éste en el Registro de la Propiedad.

En abril de 1956, el acreedor por sentencia, Ferrer Delgado inició acción ante el Tribunal de Distrito contra el comprador Crespo González alegando que su sentencia constituía un gravamen sobre el condominio adquirido por éste del deudor Casanova García. Solicitó que se condenara a Crespo González a pagarle el importe de la sentencia inscrita en el Registro de Sentencias.

En su contestación a una demanda enmendada, Crespo González alegó que él era dueño del condominio de una cuarta parte indivisa sobre la finca descrita en la demanda desde el día 26 de mayo de 1952, fecha en que lo adquirió por escritura pública y que luego fuera ratificada por otra escritura pública en 8 de junio de 1955.

Por la escritura otorgada el 26 de mayo de 1952, los hermanos Juan, Pedro y Ramón Casanova García vendieron a Nicolás Crespo la finca descrita en la demanda por precio de $6,000, de los cuales pagó el comprador $2,000 y los otros $4,000 quedaron aplazados por término de cinco años y garantizados con hipoteca sobre la finca objeto del contrato de compraventa. Los vendedores se comprometieron en esa escritura a tramitar la declaratoria de herederos de su causante doña María García Delgado y a practicar las operaciones particionales pertinentes en un término de seis meses.

El Tribunal de Distrito resolvió que la parte proporcional de los $2,000 pagados por el demandado a Casanova García constituía un crédito anterior al de la sentencia registrada a favor de Ferrer Delgado, y que por lo tanto, el crédito de éste no gozaba de preferencia sobre el crédito del demandado. En su consecuencia declaró sin lugar la demanda.

En apelación, el Tribunal Superior revocó la ameritada sentencia y dictó otra condenando al demandado Nicolás Crespo González a pagar al demandante el importe de la sentencia que éste había obtenido contra Casanova García, más intereses, costas y $150 para honorarios de abogado.

Expedimos un auto de *certiorari* para revisar esta sentencia.

Cometió error el Tribunal Superior al dictar sentencia revocando la del Tribunal de Distrito. La ley para establecer gravámenes sobre bienes inmuebles por sentencia dispone:

" § 1806. Sentencia inscrita será gravamen sobre bienes inmuebles.

"Cuando una sentencia fuere inscrita y pasada al índice, según lo dispuesto en las precedentes secciones, tendrá desde· luego efecto de un gravamen sobre todos los inmuebles del. demandado o demandados, no exentos de embargo, radicados en el distrito donde se inscribiere el correspondiente extracto, y sobre todos los inmuebles que el demandado o demandados posteriormente adquieren en dicho distrito. Y tal gravamen tendrá el alcance y prelación que se determina en el párr. 5 de la sec. 5193 del Título 31." (30 L.P.R.A., sec. 1806.)

Y el párrafo 5 de la Sección 5193 del Título 31 de L.P.R.A., dispone en lo pertinente:

"Con relación a determinados bienes inmuebles y derechos. reales del deudor, gozan de preferencia:

"1. . . . . . .

"2. . . . . . .

"3. . . . . . .

"4. . . . . . .

"5. Los créditos preventivamente anotados en el registro de· la propiedad en virtud de mandamiento judicial, por embargo, secuestros o ejecución de sentencias, sobre los bienes anotados,. y sólo en cuanto a créditos posteriores.

"6. . . . . ."

De acuerdo con las disposiciones legales arriba citadas, una vez inscrita la sentencia en el Registro de Sentencias.

y pasada al índice alfabético, la misma constituye un gravamen sobre todos los inmuebles del demandado (deudor por sentencia), no exentos de embargo, radicados en el distrito y sobre todos los inmuebles que el demandado adquiriere posteriormente en dicho distrito. Ese gravamen especial, creado por ley, tiene el mismo alcance que los créditos preventivamente anotados en el Registro de la Propiedad en virtud de mandamiento judicial, por embargo, secuestros o ejecución de sentencias, sobre los bienes anotados, y sólo en cuanto a créditos posteriores. *Hernández* v. *Medina, et al*, 19 D.P.R. 88. No crea ni declara derecho alguno y no produce otros efectos que los de que el acreedor que la obtenga sea preferido en cuanto a los bienes anotados, a los que tengan contra el mismo deudor créditos posteriores. *Longpré, et al* v. *Wolff, et al*, 23 D.P.R. 15 (239 F. 291.)

 Sin embargo, el gravamen por sentencia pesa sobre los bienes inmuebles del deudor (demandado) y no sobre aquellos inmuebles que aunque aparezcan inscritos en el Registro de la Propiedad a su favor han dejado de pertenecerle por haberlos vendido mediante escritura pública con anterioridad a la inscripción de la sentencia en el Registro de Sentencias. *Hernández* v. *Rosado, et al*, 20 D.P.R. 175; *Vivó* v. *Registrador*, 58 D.P.R. 510. Esta es precisamente la situación que surge en el presente caso. Para mayo 26 de 1952, mucho antes de que el demandante obtuviera sentencia contra Pedro Casanova García, éste había traspasado sus derechos en el inmueble al peticionario Nicolás Crespo González mediante escritura pública. El hecho de que las escrituras de compraventa no pudieran inscribirse en el Registro de la Propiedad por razón de tratarse de bienes hereditarios sin que se hubiera liquidado la contribución de herencia para aquella fecha, ni el hecho de que en la escritura de venta no hubieran comparecido todos los dueños de la cosa vendida,—véase 10 *Manresa, Código Civil Español*, págs. 37 y siguientes—no destruyen la validez del negocio jurídico—compraventa—efec-

tuado por Casanova García y Crespo González respecto a los derechos dominicales del vendedor. Por lo tanto, el acreedor Ferrer Delgado, no puede invocar la ley estableciendo gravámenes por sentencia contra el comprador Crespo González. No es aplicable dicha ley a la situación de hechos de este caso.

*Debe revocarse la sentencia dictada por el Tribunal Superior y en su lugar se dictará otra confirmando la del Tribunal de Distrito.*