Amadeo Murga, Juez Ponente
*1248 TEXTO COMPLETO DE LA SENTENCIA
Revocamos la sentencia que le reconoció validez a un embargo inscrito en el Registro de la Propiedad con posterioridad a que el deudor embargado hubiese efectuado una transacción de compraventa mediante documento otorgado en los Estados Unidos. Resolvemos que mediante éste dispuso de la propiedad, por lo que el embargo no se trabó sobre sus bienes y el adquirente de la propiedad y aquí recurrente no responde por el monto del embargo.
I. Los Hechos
La demandante-recurrida VELCO demandó a la sociedad de gananciales de Héctor R. Rodríguez Ramírez y Wanda N. Medina por incumplimiento de un contrato de arrendamiento de bienes muebles. Obtuvo sentencia contra ésta por la suma de $31,527.91 más intereses y honorarios de abogados fijados en $7,275.67. La sentencia fue dictada el 13 de noviembre de 1992. Ya firme la sentencia se solicitó una orden de ejecución el 27 de agosto de 1993 y se libró una orden y mandamiento de ejecución para el embargo y prohibición de enajenar de una propiedad del matrimonio localizada en Tintillo Gardens, Guaynabo. Esta estaba afecta a tres hipotecas. La primera por $118,000.00, la segunda por $176,000.00 y la tercera por $30,000.00. La orden fue expedida el 14 de octubre de 1993 y ésta con su mandamiento fueron presentados al Registro de la Propiedad el 11 de diciembre de ese mismo año.
Mientras tanto, ya los esposos Rodríguez-Medina habían partido de Puerto Rico. El esposo era un empleado del Negociado Federal de Investigaciones y fue trasladado o reubicado a otra jurisdicción.
La recurrente Associates Relocation Management, Inc. (Associates) se dedica a adquirir propiedades de empleados federales que se relocalizan en otros lugares. El 13 de julio de 1993, cinco meses antes de presentarse la orden y mandamiento de embargo al Registro, los esposos Rodríguez Medina suscribieron con la recurrente Associates en Washington D.C. un escrito titulado Homesale Agreement. Mediante éste se comprometieron a vender a Associates la propiedad por el precio tasado de $244,000.00. El 20 de julio los vendedores recibieron la suma de $25,999.35 balance del precio acordado, luego de descontadas las cargas y gastos. Ese mismo mes Associates procedió a limpiar la propiedad, pintarla, darle mantenimiento y reparar su techo. Usó a una compañía de bienes raíces a quien también encomendó la tarea de vender la propiedad. Con fecha 13 de septiembre pagó a los acreedores hipotecarios el balance pendiente de las tres hipotecas desembolsando la suma total de $215,460.67.
Como parte del contrato Homesale Agreement, los esposos Rodríguez Medina habían otorgado una declaración jurada en donde declaraban que no había contra éstos pleitos pendientes en ningún tribunal y tampoco cargas o gravámenes contra la propiedad que estuviesen contemplados o existentes, excepto las hipotecas inscritas.
*1249 No hay prueba de que Associates conociera de la deuda de los Rodríguez Medina, con la recurrida VELCO, ni de la sentencia dictada a favor de ésta en contra de éstos.
El 10 de febrero de 1994 Associates y los esposos Rodríguez-Medina representados por mandatarios otorgaron en Puerto Rico ante la notario Carolyn Boren una escritura de "Ratificación de Homesale Agreement" la cual fue presentada al Registro de la Propiedad el 10 de marzo de 1994.
Ante esos hechos resumidos, el tribunal recurrido determinó que el embargo anotado el 11 de diciembre de 1993 prevalecía sobre la transacción hecha el 13 de julio del mismo año. Concluyó que la misma era nula porque los esposos Rodríguez-Medina habían incurrido en dolo grave. Expresó:

"Resultaría en grave menoscabo a la justicia y a los derechos de la parte demandante, si aplicáramos en el caso de autos lo resuelto en Pérez Mercado v. Martínez Rondón, supra, a fin de que prevalezca el título de los interventores sobre la anotación de embargo. La demandante es un tercero cuyos derechos no pueden ser afectados por un negocio del cual no es parte y el que fue efectuado por los demandados con la clara intención de ocasionarle daño."

No obstante, todo lo antes expuesto, la parte interventora no queda huérfana de derecho, ya que el Artículo 1054 del Código Civil (32 L.P.R.A. see. 3018) provee de remedios a cualquier contratante afectado por el dolo, negligencia o morosidad de la parte que incumple.
Associates ha recurrido. En síntesis señala que adquirió la propiedad antes de que el embargo fuera anotado en el Registro y sin conocimiento de dicha deuda o gravamen. Señala que un título anterior a la anotación de embargo prevalece sobre la anotación, no obstante el hecho de que el título se presentase para inscripción con posterioridad a ésta. Señala además, que no tenía conocimiento de la deuda ni incurrió en conducta torticera hacia el acreedor por sentencia por lo que no se justifica que se le imponga responsabilidad alguna por esta deuda.
Por su parte la recurrida VELCO sostiene, según dictaminó el juez recurrido, que el contrato de compraventa no debe prevalecer sobre el embargo, ya que fue hecho por los demandados esposos Rodríguez-Medina con la intención de causarles daño. Sostiene que el mismo es nulo porque fue producto del dolo y además en fraude de acreedores.
II. El Derecho
Como señala nuestro Tribunal Supremo en Crespo v. Tribunal Superior, 83 D.P.R. 568, 572 (1961):

"[E]l gravamen por sentencia pesa sobre los bienes inmuebles del deudor (demandado) y no sobre aquellos inmuebles que aunque aparezcan inscritos en el Registro de la Propiedad a su favor han dejado de pertenecerle por haberlos vendido mediante escritura pública con anterioridad a la inscripción de la sentencia en el Registro de Sentencia."

El Tribunal Supremo recientemente en Pérez Mercado v. Martínez Rondón, 92 J.T.S. 32 reiteró que una anotación preventiva de embargo no afecta los títulos anteriores a la anotación aunque los mismos se hayan inscrito con posterioridad a la misma.
Es claro entonces que si la propiedad sobre la cual la recurrida VELCO anotó el embargo en ejecución de sentencia no pertenecía al momento de la anotación en el Registro de la Propiedad a los deudores por sentencia, esposos Rodríguez Medina, dicha propiedad no podía afectarse por el embargo.
De la única manera que puede darse la efectividad al embargo sobre dicha propiedad es que el contrato entre los esposos Rodríguez-Medina y la recurrente Associates no hubiese tenido el efecto de transmitir el dominio sobre la propiedad fuera por la naturaleza del contrato de compraventa entre las partes o porque el mismo resultase nulo a virtud de las normas de derecho aplicables.
En cuanto a la transmisión del dominio de la propiedad de parte de los esposos Rodríguez-Medina *1250 a Associates, la jurisprudencia aplicable lo es Segarra v. Viuda de Llorens, 99 D.P.R. 60, 72 (1970). Allí como aquí estaba envuelto un contrato de compraventa que había que examinar "para determinar si en virtud de los mismos y de las circunstancias del caso, llegó a verificarse la transmisión del dominio, en cuyo caso la anotación preventiva no podría perjudicarla".
El Tribunal Supremo adoptó un criterio pragmático y no formalista en cuanto a la transmisión o entrega del dominio. Nos indicó:

"Limitar la entrega exclusivamente al otorgamiento,jde escritura pública como equivalente de la entrega, sería una fútil aplicación mecánica del Art. 1351 que no responde a las exigencias de nuestro continuo desarrollo social y económico. Lo esencial es que se cumpla, como se ha cumplido en este caso, con los requisitos de la tradición. Una vez que las partes han acordado la entrega por justa causa el pago de $2,000 en un caso y $60,000 en otro, y que, más todavía, el adquirente ha llevado a cabo actos que demuestran claramente su voluntad de adquirir, teniendo las partes capacidad para transmitir y adquirir, es forzoso concluir que se ha verificado una traslación del dominio. Lo contrario equivaldría a convertir la escritura en misteriosa piedra de toque, divorciada de toda realidad, en perjuicio de la certeza y seguridad del tráfico inmobiliario."

El fundamento de la decisión en Segarra v. Viuda de Llorens, supra es perfectamente aplicable a los hechos de este caso. La relación que de los mismos hemos hecho al comienzo de la sentencia indican la entrega por parte de los vendedores del dominio de la propiedad a la fecha del 13 de julio ya no quedaban más nada por ellos hacer para entregar el dominio de la propiedad, salvo firmar la posterior escritura de ratificación. Habían recibido todo el pago a que tenían derecho y el comprador había asumido control de la propiedad arreglándola y disponiendo para su venta y luego pagando la cargas hipotecarias que ésta tenía. La transferencia de dominio para todo propósito económico y práctico se había efectuado.
No obstante, VELCO insiste denodadamente que la transacción de compraventa estuvo afectada por el dolo o engaño por parte de los esposos Rodríguez-Medina, que la venta fue en fraude de acreedores, que la compradora Associates debió saber de la deuda personal de los vendedores y que el contrato fue en daño de tercero. Sostiene que la compraventa efectuada es nula y sin valor alguno por lo que el embargo inscrito prevalece sobre el anterior contrato de compraventa.
El dolo o engaño de los esposos Rodríguez-Medina al no informarle al comprador Associates que ' tenían una deuda con VELCO y que habían sido demandados en cobro de dinero no fue un engaño que afectara a la parte compradora de manera tal que pudiera producir la nulidad del contrato. Artículo 1221 Código Civil de 1930. El dolo fue hacia un tercero, no a la otra parte contratante. Por tal razón no existía un vicio del consentimiento que haga nulo el contrato.
De considerarse que los esposos Rodríguez-Medina incurrieron en dolo para con Associates, esto constituiría causa de anulabilidad por parte de Associates más no su nulidad de pleno derecho. Véase Puig Brutau, Fundamentos de Derecho Civil, 3ra. ed., Barcelona, Bosh (1988) T. II, Vol. I, p. 283-311; Diez Picazo, Fundamentos de Derecho Civil Patrimonial, 2da ed., Madrid, Tecnos, Vol. I. págs. 318-319.
El contrato tampoco es nulo porque haya resultado en que los vendedores hayan perpetrado un fraude a su acreedor por sentencia. El Artículo 1243 del Código Civil en tal caso sólo dispone que el contrato puede rescindirse cuando el acreedor no pueda ¿obrar de otro modo lo que se le deba. De Jesús Díaz v. Carrero, 102 D.P.R. 631 (1982). No existe pmeba alguna de que Associates conociera del fraude o engaño de los esposos Rodríguez-Medina lo que la hubiese sujetado a responsabilidad hacia el acreedor por sentencia. En ausencia de que la compradora Associates tuviese conocimiento y con tal conocimiento participara en la compraventa con el efecto de causar daño a VELCO, no puede imputársele responsabilidad a base de haber llevado a cabo un contrato que resultó en un daño a VELCO, Bajo las disposiciones que reglamentan la responsabilidad por enajenaciones en fraude de acreedores, la responsabilidad del adquiriente está limitada a aquellos casos en que el adquirente hubiese obrado de mala fe. Artículo 1250 del Código Civil 1930.[2] 
Finalmente no es aplicable al caso ante nos la doctrina del contrato en daño de tercero. Como el *1251 caso de enajenación en fraude de acreedores, esta doctrina requiere que el contratante a quien se le exige responsabilidad tuviese conocimiento del contrato anterior que se afecta adversamente mediante el nuevo contrato. Dennis, Metro Invs. v. City Fed. Savs. 121 D.P.R. 197, 216 (1988); Díez-Picazo y Gullón, Sistema de Derecho Civil, 4ta. ed., rev., Barcelona, Ed. Tecnos, Vol. II, pág. 133.
En la decisión del caso Dennis Metro, supra, se citó la obra de Díez-Picazo para explicar que existen dos supuestos bajo los cuales los contratantes ocasionan daño a un tercero y que la consecuencia jurídica será distinta según el supuesto bajo el cual ocurra. El primer supuesto, de aplicación en el citado caso, es aquél por el cual ambos contratantes se confabulan para contratar a sabiendas de que ello causará daño a los derechos de un tercero. En este caso el contrato tiene causa ilícita y la consecuencia jurídica que ello conlleva es la nulidad absoluta o inexistencia del contrato.
El segundo supuesto refleja, al igual que la que está ante nuestra consideración, los casos en los cuales no existe una confabulación entre las partes para ocasionar un daño, sino que el daño ha sido buscado sólo por una de ellas y resulta desconocido para la otra. En estos casos, no puede decirse que el contrato tiene causa ilícita y por ello no podría declararse su inexistencia o nulidad de pleno derecho sino que "...el tercero que sufre el daño dispone de una acción de resarcimiento o de indemnización frente al culpable". Véase Diez-Picazo, op. cit. pág. 293. Declarado sin efecto el embargo, VELCO sólo puede reclamar el resarcimiento del daño sufrido a los esposos Rodríguez-Medina. La acción contra la interventora es inmeritoria.
Por los fundamentos expresados, se revoca la resolución dictada y se decreta que la propiedad adquirida por Associates lo es libre del embargo inscrito en el Registro de la Propiedad ordenándose la cancelación de éste y cancelándose la fianza puesta por la interventora Associates.
Regístrese y notifíquese.
Así lo acordó el tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 318
1.31 L.P.R.A. § 3408.
2. 31 L.P.R.A. § 3499. Este dispone: "El que hubiese adquirido de mala fe las cosas enajenadas en fraude de acreedores deberá e indemnizará éstos de los daños y perjuicios que la enajenación les hubiese ocasionado, siempre que por cualquier causa le fuere imposible devolverlas."
3. L. Diez-Picazo, Fundamentos del Derecho Civil Patrimonial, Madrid, Ed. Tecnos, 1979, Vol I.
4. En la decisión del caso Dennis Metro, supra, se omitió mencionar esta segunda modalidad de la figura del contrato en daño de tercero así como las consecuencias jurídicas que produce.