# 97 DTA 145

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

DECOR DEL CARIBE, INC.
Demandante-Recurrido

v.

THERMOPACK PRODUCTS, INC., MANUEL A. MADERA
Demandados

v.

BANCO POPULAR DE PUERTO RICO
Interventor-Peticionario

Núm. KLCE-97-00603

San Juan, Puerto Rico, a 24 de junio de 1997

Panel integrado por su Presidenta, Juez señora Rivera de Martínez
y los Jueces señor Cabán Castro y señor Rivera Pérez

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el presente recurso el Banco Popular de Puerto Rico nos solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 16 de septiembre de 1996 y archivada en autos copia de su notificación el 27 de septiembre de 1996. En dicha resolución se determinó que un gravamen por sentencia inscrito en el Registro de Sentencias del Registro de la Propiedad con anterioridad a la inscripción de una hipoteca, goza de prelación y rango superior sobre dicha hipoteca. No le asiste la razón a los peticionarios. Se expide el auto solicitado y se confirma la resolución recurrida.

### I

El 7 de diciembre de 1990 uno de los demandados, el señor Manuel A. Madera, otorgó hipoteca en garantía de pagaré al portador por la suma de $300,000, mediante la escritura número 313 otorgada ante el notario público Edgardo Canales Ydrach. El 30 de septiembre de 1993 la parte demandante, aquí recurrida, Decor del Caribe, Inc., presentó para inscripción en el Registro de Sentencias del Registro de la Propiedad, sección II de Ponce, sentencia a su favor emitida el 6 de abril de 1993 por el Tribunal de Primera Instancia, Sala Superior de Carolina, en el caso número FCD-92-0176, *Decor del Caribe, Inc. v. Thermo Pack Products, Inc., y Manuel A. Madera.* ■ El 7 de junio de 1995 se presentó para inscripción en el Registro de la Propiedad la antes mencionada escritura pública de hipoteca en garantía de pagaré al portador, la cual consta inscrita al folio 220, del tomo 695, de la sección II de Ponce, inscripción número 25. ■

El 21 de noviembre de 1995 el Banco Popular de Puerto Rico, en adelante Banco Popular, recibió copia del edicto de subasta, en el cual se informaba que el 13 de diciembre de 1995 se llevaría a cabo la venta en pública subasta de todo derecho, título, interés y participación que tuviera el señor Manuel A. Madera Prado en el inmueble allí descrito, para satisfacer el monto de la sentencia a favor de Decor del Caribe, Inc. En dicho documento constaban como gravámenes sobre el inmueble a ser subastado, con rango preferente el gravamen por sentencia a favor de Decor del Caribe, Inc. y la inscripción de una escritura de hipoteca en garantía de un pagaré al portador por $300,000, con rango secundario.

El 4 de diciembre de 1995, el Banco Popular solicitó se le permitiera intervenir en el pleito, por ser en ese momento el tenedor del pagaré hipotecario que gozaba de rango secundario en cuanto a los gravámenes que recaían sobre el inmueble a ser vendido en pública subasta. A su vez, solicitó la paralización de la subasta y que se declarara preferente el rango correspondiente a la hipoteca, sobre el rango que gozaba el gravamen por sentencia. El 7 de diciembre de 1995 el Tribunal de Primera Instancia emitió orden permitiendo la intervención solicitada por el Banco Popular.

Finalmente, el 16 de septiembre de 1996 el Tribunal de Primera Instancia emitió la resolución que motiva el presente recurso, en la cual se establecieron como hechos que no estaban en controversia los siguientes:

*"a. Este Tribunal dictó sentencia en el pleito contra los demandados el 6 de abril de 1993, que es final y firme.*

*b. Dicha sentencia consta registrada y pasada al índice contra la parte demandada, el 30 de septiembre de 1993, bajo la orden 223, folio 76, tomo 1 del Registro de Sentencia del Registro de la Propiedad de Ponce II, según se desprende de la certificación Registral correspondiente.*

*c. Con posterioridad a que se registrara la sentencia, BPPR presentó el 7 de junio de 1995 (18 meses después), hipoteca en garantía de pagaré al portador, a la presentación, mediante la escritura 313 de 7 de diciembre de 1990, ante el Notario Público, Lcdo. Edgardo Canales, al Asiento 320 del Libro Diario 123, que causó la inscripción 25va. y última, de 7 de julio de 1995, inscrita al folio 220,*

*tomo 695 de Ponce II, finca número 5112, según se desprende de la Certificación Registral correspondiente.*

*d. La escritura de hipoteca del BPPR se otorgó con fecha anterior a la anotación de sentencia en el Registro de Sentencias del Registro de Propiedad de Ponce II."*

## II

La parte interventora, aquí peticionaria, Banco Popular, sostiene en el recurso ante nos los siguientes señalamientos de errores:

*"A. ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LOS CREDITOS INSCRITOS EN EL REGISTRO DE LA PROPIEDAD POSTERIOR A LA INSCRIPCION DE UNA SENTENCIA QUEDAN SUBORDINADOS A ESTA.*

*B. ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE UN EMBARGO MEDIANTE ANOTACION PREVENTIVA INSCRITO EN EL REGISTRO DE LA PROPIEDAD CON ANTERIORIDAD A LA INSCRIPCION DE UNA HIPOTECA, TIENE PRIORIDAD SOBRE ESTA.*

*C. ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA INSCRIPCION DE LA ESCRITURA DE HIPOTECA EN EL REGISTRO DE LA PROPIEDAD ES INDISPENSABLE PARA QUE EL CREDITO GARANTIZADO CON HIPOTECA GOCE DE PRELACION E INTERPRETAR A THE AMERICAN TRADING CO. V. MONSERRAT Y ROSARIO PEREZ V. REGISTRADOR A ESOS EFECTOS.*

*D. ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EL PRINCIPIO DE PRIORIDAD APLICA EN ESTE CASO."*

Por estar estrechamente vinculados los dos primeros señalamientos de error serán considerados en forma conjunta. ¿Qué efecto tiene la inscripción de una sentencia en el Registro de Sentencias del Registro de la Propiedad? ¿Cuál es el alcance de tal gravamen? ¿Cuál es la prelación de que goza un gravamen por sentencia sobre los demás créditos inscritos que recaen sobre el mismo bien inmueble?

Como parte de las disposiciones complementarias a la Ley Hipotecaria se estableció que todo Registrador de la Propiedad deberá llevar un libro denominado *"Registro de Sentencias",* en el cual deberá escribir literalmente los extractos de sentencias presentados ante él. ■ De igual forma, se le requiere llevar un índice alfabético del Registro de Sentencias. ■ Cuando una sentencia es inscrita en el Registro de Sentencias, y en su correspondiente índice, tiene el efecto de un gravamen sobre todos los inmuebles del demandado, no exentos de embargo, radicados en el distrito donde se inscribiere el correspondiente extracto y sobre todos los que posteriormente adquiriera en dicho distrito, teniendo tal gravamen el alcance y prelación determinados en el inciso 5 del artículo 1824 del Código Civil de 1902, 31 L.P.R.A. § 5193 (5). ■ Por su parte, dicho inciso 5, del artículo 1824, dispone: ■

*"Con relación a determinados bienes inmuebles y derechos reales del deudor, gozan de preferencia:*

*\* \* \* \* \**

*(5) Los créditos preventivamente anotados en el registro de la propiedad en virtud de mandamiento judicial, por embargo, secuestros o ejecución de sentencia, sobre los bienes anotados, y sólo en cuanto a créditos posteriores."*

*\* \* \* \* \**

Nuestro Tribunal Supremo había equiparado, en varias ocasiones, el alcance de un gravamen por sentencia con el de los créditos preventivamente anotados en el Registro de la Propiedad, en virtud de mandamiento judicial, por embargo, secuestro o ejecución de sentencias, sobre los bienes anotados, pero sólo en cuanto a créditos posteriores. En consecuencia, los créditos inscritos posteriormente

quedan subordinados a dicho gravamen preferente. *Crespo v. Tribunal Superior,* 83 D.P.R. 568 (1961); *Viñas v. Gandí & Co.,* 25 D.P.R. 800 (1917); *Longpré v. Wolff,* 23 D.P.R. 15, (1915), confirmada por *Rucabado v. Longpré,* 239 F. 291 (1916); *Hernández v. Medina,* 19 D.P.R. 88 (1913); *Batista v. Taboas,* 15 D.P.R. 409 (1909); *Hidalgo v. García de la Torre,* 4 D.P.R. 66 (1903).

En el caso de epígrafe, el 30 de septiembre de 1993 se inscribió en el folio 76, tomo I, del Registro de Sentencias del Registro de la Propiedad, Sección II de Ponce, la sentencia emitida el 6 de abril de 1993 por el Tribunal de Primera Instancia, a favor de Decor del Caribe, Inc. Dicha inscripción tiene el efecto de una carga real, al ésta recaer sobre todos los bienes inmuebles del demandado, el señor Manuel A. Madera. Tal gravamen goza de preferencia en cuanto a créditos posteriores a su inscripción.

Por otra parte, la hipoteca en garantía del pagaré al portador, cuyo tenedor actual lo es la parte interventora-peticionaria, Banco Popular, fue inscrita con posterioridad a la inscripción del gravamen por sentencia a favor de Decor del Caribe, Inc, el 7 de junio de 1995. El Banco Popular sostiene en el presente recurso, que a pesar de que la inscripción de la escritura de hipoteca fue posterior, no *procede la determinación de que el gravamen por sentencia goza de preferencia sobre ésta, ya que la hipoteca se otorgó con anterioridad a la inscripción de la sentencia, el 7 de diciembre de 1990.*

*¿Cuándo se considera válidamente constituida una hipoteca? ¿Qué efecto tiene su inscripción en el Registro de la Propiedad?*

*Los derechos reales se constituyen, transmiten, modifican y extinguen con arreglo a las disposiciones del Código Civil y las otras leyes sustantivas aplicables. Sabido es, que la inscripción registral es sólo declarativa y no es fuente de derechos. La inscripción en el Registro de la Propiedad no es el modo para adquirir derechos, sino el modo de garantizar los ya existentes legalmente mediante la publicidad registral. Excepción a este principio lo son el derecho hipotecario y los derechos sujetos a las disposiciones de la Ley de Propiedad Horizontal, 31 L.P.R.A. § 1291. Marín v. Montijo, 109 D.P.R. 268 (1979); Goenaga v. O'Neill de Milán, 85 D.P.R. 170 (1962); Baldrich v. Registrador, 77 D.P.R. 739 (1954).*

*El artículo 188 de la Ley Hipotecaria y del Registro de la Propiedad requiere, para que quede válidamente constituida una hipoteca voluntaria, que la misma se haya acordado en escritura pública y que ésta se haya inscrito en el Registro de la Propiedad.* ▪ *A su vez, el artículo 1756 del Código Civil* ▪ *establece como requisitos esenciales del contrato de hipoteca: (1) que la misma se constituya para asegurar el cumplimiento de una obligación principal; (2) que la cosa hipotecada pertenezca en propiedad al que la empeña o hipoteca; y (3) que las personas que constituyen la hipoteca tengan libre disposición de sus bienes o, en caso de no tenerlas, se hallen legalmente autorizadas al efecto. En adición, el artículo 1774 del Código Civil* ▪ *establece, en su parte pertinente, lo siguiente:*

*Además de los requisitos exigidos en la sec. 5001 de este título es indispensable, para que la hipoteca quede válidamente constituida, que el documento en que se constituya sea inscrito en el registro [sic] de la propiedad." [sic].*

\* \* \* \* \*

La inscripción es, pues, el acto constitutivo mediante el cual la garantía hipotecaria produce efectos y adviene eficaz *erga omnes* al ámbito de los derechos reales. La garantía hipotecaria de un crédito personal no se constituye en derecho real de hipoteca, hasta tanto no es inscrita en el Registro de la Propiedad. ▪

En el presente caso, la hipoteca en garantía del pagaré al portador no estaba inscrita en el Registro de la Propiedad al momento de la inscripción de la sentencia, por lo que la garantía hipotecaria no se había constituido como derecho real. Con anterioridad a la inscripción de la hipoteca en el Registro de la Propiedad, la garantía del crédito personal no se había constituido en derecho real. A su vez, la sentencia, una vez inscrita en el Registro de Sentencias, constituye una carga real sobre el inmueble propiedad del demandado, el señor Manuel A. Madera.

Al inscribirse la sentencia en el Registro de Sentencias el 30 de septiembre de 1993, ésta se constituyó en un gravamen real sobre los bienes inmuebles propiedad del demandado, señor Manuel A. Madera. No fue hasta el 7 de junio de 1995, fecha en la cual se presentó para inscripción la escritura de hipoteca, que la garantía sobre el crédito personal constituyó una carga real gravando el bien inmueble propiedad del demandado. Considerando el riguroso orden cronológico de inscripciones, goza de rango preferente el gravamen por sentencia en cuanto al inmueble propiedad del demandado.

No le asiste la razón a la parte interventora-peticionaria, en cuanto a que debe ser considerado el momento de la otorgación de la escritura de hipoteca como el determinante al establecer la prelación de los gravámenes que recaen sobre el inmueble a ser vendido en pública subasta. La hipoteca quedó constituida como garantía real al cumplirse con el requisito indispensable de la inscripción en el Registro de la Propiedad. Por haber sido inscrita ésta y haberse constituido con posterioridad a la inscripción del gravamen por sentencia, goza este último de rango preferente sobre la hipoteca.

¿Erró el Tribunal de Primera Instancia al establecer la aplicación del principio de prioridad en el caso de autos?

El principio de prioridad constituye uno de los ejes en los que descansa el sistema registral de Puerto Rico. Al momento de la presentación del documento o negocio que se interesa inscribir en el Registro, se obtiene el rango o preferencia. El rango registral es el puesto que un derecho real ocupa, en relación con otros, respecto de un mismo inmueble en el Registro de la Propiedad. Este rango o preferencia es otorgado de acuerdo al principio de primero en tiempo primero en derecho *(prior tempore prior iure)*, también conocido como el principio de prioridad registral.

El profesor Eduardo Vázquez Bote sostiene lo siguiente: 

*"No existe en la Ley hipotecaria, ni en el Reglamento, un artículo que formule de manera completa el principio de prioridad. Sin embargo, encontramos base más que suficiente para su desenvolvimiento doctrinal consultando los arts. 17, 26, 28, 69, etc., de la Ley y los concordantes del Reglamento. El art. 26 establece que 'para determinar la preferencia entre dos o más inscripciones de una misma fecha, relativas a una misma finca, se atenderá a la hora de la presentación en el registro de los títulos respectivos". Por su parte, el art. 28 determina que 'se considerará como fecha de la inscripción, para todos los efectos que ésta deba producir, la fecha del asiento de presentación, que deberá constar en la inscripción misma".*

El principio de prioridad puede operar respecto de derechos reales no incompatibles entre sí, por ser de posible convivencia o concurrencia los dos o más derechos reales sobre el mismo inmueble. Al ser posible la concurrencia de tales derechos reales sobre un mismo inmueble, entre ellos existirá una determinada jerarquía según el orden de su ingreso al Registro de la Propiedad, lo cual hace que el principio de prioridad atribuya a cada derecho real compatible un determinado rango en relación con los demás. 

En el caso de epígrafe, el Tribunal de Primera Instancia estableció el rango de las cargas que gravaban el inmueble propiedad del demandado, el gravamen por sentencia y la escritura de hipoteca, aplicando el principio de prioridad, según el orden cronológico de sus respectivas presentaciones. Concluimos, que no incidió el Tribunal de Primera Instancia en ninguno de los errores señalados por la parte interventora-peticionaria, Banco Popular. El tribunal *a quo* determinó correctamente en la resolución recurrida, que el gravamen por sentencia gozaba de rango preferente sobre la escritura de hipoteca, considerando el carácter compatible de ambos gravámenes y el orden de presentación de éstos ante el Registro de la Propiedad.

### III
Por los anteriores fundamentos, se expide el auto de *certiorari* solicitado. Se confirma la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 97 DTA 145**

**1.** Estos datos constan en la Certificación Registral expedida el 29 de mayo de 1996. Apéndice E, págs. 26-39 de la oposición al recurso de apelación.

**2.** *Ibid.*

**3.** 30 L.P.R.A. §1803.

**4.** 30 L.P.R.A. § 1804.

**5.** 30 L.P.R.A. § 1806.

**6.** 31 L P.R.A. § 5194.

**7.** Para que las hipotecas voluntarias queden válidamente constituidas se requiere:

"*Primero: Que se hayan acordado en escritura pública.*

*Segundo: Que la escritura se haya inscrito en el Registro de la Propiedad.*" 30 L.P.R.A. § 2607.

**8.** 31 L.P.R.A. § 5001.

**9.** 31 L.P.R.A. § 5042.

**10.** Originalmente, la inscripción de la hipoteca no tenía carácter constitutivo bajo la Ley Hipotecaria española de 1861 ni antes. Desde la aprobación del Código Civil español en 1889, en su artículo 1875, artículo 1774 del nuestro, es que se exige la inscripción de la hipoteca para que quede válidamente constituida. *Rosario Pérez v. Registrador,* 115 D.P.R. 491 (1984).

**11.** E. Vázquez Bote, *Elementos de Derecho Hipotecario Puertorriqueño,* Barcelona, Lex, 1973, pág. 262.

**12.** Roca Sastre, *Derecho Hipotecario,* 8va ed., Barcelona, Bosch, 1995, tomo II, pág. 11.